Simoh J. Liebowitjz, J.
Motion by third-party defendant, Pilgrim State Hospital (Hospital), to dismiss the third-party complaint on the ground the Hospital is an instrumentality of the State and any action against it must be brought in the Court of Claims. Third-party plaintiffs contend that this court should accept jurisdiction under the decision in Dole v. Dow Chem. Co. (30 N Y 2d 143), which permits apportionment of damages between joint tort-feasors in one action.
The facts, briefly, are as follows: The prime action is for wrongful death. Plaintiff’s decedent, who allegedly was a mental patient in the Pilgrim State Hospital, wandered off the hospital grounds and onto a highway, where he was struck by the prime defendants’ vehicle. The defendants therein, Paul and Carolee Degl, instituted a third-party action against the Hospital, alleging negligence and seeking contribution or indemnity from the Hospital under the Dole case in the event they are found liable.
The issue presented herein is whether this court has jurisdiction of an action against the State, or must the action be brought in the Court of Claims.
In the opinion of the court, this action must be brought in the Court of Claims. Coneededly, the third-party defendant Hospital is an instrumentality of the State. As such, any action against it must be brought in the Court of Claims. The Dole case did not change this jurisdictional requirement. In Breen v. Mortgage Comm. of State of N. Y. (285 N. Y. 425, 429), the Court of Appeals with respect to actions against the State, *612 stated: “If the real defendant is the State, then, of course, it may be sued only as it has consented to be sued, to wit, in the Court of Claims.” (Emphasis added). (See, also, Matter of Dormitory Auth. of State of N. Y., 18 N Y 2d 114, 119 [concurring opn.].) The fact that this action was instituted by a third-party complaint seeking indemnification does not alter this result (Solomon v. Kennedy, 38 Misc 2d 1090). The case of Zillman v. Meadowbrook Hosp. Co. (73 Misc 2d 726), cited by third-party plaintiffs and which deals with notice to a county hospital under section 50-e of the General Municipal Law, does not support their position that this court has jurisdiction of an action against the State, nor is it apposite under the facts herein. Any provisions respecting notice in suits against the State would have to be determined in the first instance in the Court of Claims.
However, the Court of Appeals in Dole recognized the fact that an apportionment of responsibility could be pursued in a separate action.
Accordingly, the motion of the third-party defendant to dismiss the third-party complaint is granted, without prejudice, however, to any action the third-party plaintiffs may be advised to take against the Hospital in the Court of Claims at the appropriate time.