OPINION OF THE COURT
 

 Chief Judge Breitel.
 

 Claimant building owner, defendant in a wrongful death action arising out of the killing of a tenant by the building custodian, brings an independent action against the State, in whose hospitals the custodian had received psychiatric care, for indemnification and apportionment of damages if they should eventuate. The Court of Claims dismissed the claim for untimeliness (see Court of Claims Act, § 10). A unanimous Appellate Division, holding that the claim was premature, modified the dismissal to be without prejudice to the filing of a new notice of claim, should the claim accrue. The State appeals.
 

 At issue is the accrual date of a claim for apportionment of damages under
 
 Dole v Dow Chem. Co.
 
 (30 NY2d 143) and CPLR article 14. Put more precisely, the issue is whether a claim for apportionment of damages accrues on the date of the injury for which the party seeking contribution may be held
 
 *53
 
 liable, the date action is brought against that party, or the date judgment or settlement is recovered.
 

 The order of the Appellate Division should be affirmed. Like a claim for indemnification, a claim for apportionment of damages does not generally accrue until payment is made by the party seeking apportionment. Hence, under the general rule, until claimant has made payment to the estate of the tenant, it need not serve notice of claim upon the State, nor, on that theory, has the Statute of Limitations on its claim started to run. Relief from possible prejudice caused the State by a delayed accrual date because of the contingency of the claim is for the Legislature, not the court.
 

 On July 2, 1972, a custodian employed by claimant building owner Bay Ridge Air Rights killed a tenant. The victim’s estate, having learned that the custodian had been under the psychiatric care of State hospitals, sued Bay Ridge in Federal court for negligently hiring the custodian. That action was begun on April 1, 1974.
 

 In a December, 1974 letter to the Attorney-General, Bay Ridge advised that it would seek an apportionment of damages from the State "in the event of a recovery” in the Federal action. A third-party impleader complaint against the State for prematurely releasing the custodian was, however, on motion of the Attorney-General, dismissed by the Federal court, for lack of jurisdiction.
 

 On June 3, 1975, within two months of the dismissal, but some three years after the killing, notice of intention to file a claim, as well as a proposed claim, were served on the State. For obvious reasons, no dollar amount could be specified. Instead, a general demand for indemnity and apportionment of damages for "any judgment that may be sustained” in the pending Federal action was included.
 

 Relying on section 10 of the Court of Claims Act, which provides various time periods within which a claim or notice of intention to file a claim must be filed, the State, in response to a motion by Bay Ridge for an examination before trial, moved to dismiss for untimeliness. The Court of Claims held that the cause of action for apportionment accrued on the date of the killing, and granted the State’s motion to dismiss. The Appellate Division, on the other hand, held that the claim over accrues when there is recovery against the party seeking apportionment, and thus modified the dismissal to add that it
 
 *54
 
 be without prejudice to filing a new claim if such claim should accrue.
 

 CPLR 1007 permits a defendant to implead a third party "who is or may be liable to him for all or part of the plaintiff’s claim against him”. Hence, a party seeking indemnification or contribution ordinarily need not await the ripening of his claim to protect his right to proceed against a third party (see, generally,
 
 Matter of Valstrey Serv. Corp. v Board of Elections,
 
 2 NY2d 413, 416; Occhialino, Contribution, Nineteenth Ann Report of NY Judicial Conference, 1974, p 230). Where, however, indemnification or contribution is sought from the State, the claim may only be brought in the Court of Claims, and the various notice requirements of section 10 of the Court of Claims Act must be met (see
 
 McCorkle v Degl,
 
 74 Misc 2d 611). In this situation, as well as in like instances where an independent action for indemnity or contribution is necessary, identifying the date of accrual assumes significance.
 

 Subdivisions 3 and 4 of section 10 of the Court of Claims Act provide:
 

 "3. A claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the state while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.
 

 * * *
 

 "4. A claim for breach of contract, express or implied, and any other claim not otherwise provided for by this section, over which jurisdiction has been conferred upon the court of claims, shall be filed within six months after the accrual of such claim, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after such accrual.”
 

 It is generally said that a cause of action for indemnity accrues on the date payment is made by the party seeking indemnity (see, e.g.,
 
 Musco v Conte,
 
 22 AD2d 121, 125-126 [Hopkins, J.]; 28 NY Jur, Indemnity, § 20; When Statute of Limitations Commences to Run for Contribution or Indemnity, Ann., 57 ALR3d 867, 883-884). In contrast, the date on which a claim for contribution accrues has been debated (see 2A
 
 *55
 
 Weinstein-Korn- Miller, NY Civ Prac, par 1403.05, p 38 [1977 Supp]; 50 St John’s L Rev 801).
 

 There is not enough to support the view, taken by the Court of Claims below, that a claim for contribution accrues at the time of the underlying injury, in this case the date the tenant was killed. Under a date-of-injury rule, a defendant might lose his claim against the State altogether. For unless he is sued before the applicable 90-day or 6-month time period, he may be unaware of any right he has against the State. Even the Attorney-General does not press for so harsh a rule. Moreover, it does not fit the traditional conceptual analysis of accruals of causes of action if it be true that there is no right to recovery until the claimant has suffered a judgment against him or has paid it.
 

 The State, instead, urges that onset of the main action should trigger the statutory time limitations. Postponement of accrual, it is cogently argued, often forces the State to investigate and defend claims many years after the occurrence. When the main action is brought the potential claimant knows that he is exposed to liability and is likely to be represented by counsel (see Occhialino, Contribution, Nineteenth Ann Report of NY Judicial Conference, 1974, pp 231-232).
 

 The excellent extensive analysis presented in the State’s brief is appealing, and the evil attendant upon a delayed accrual date substantial. Yet, as observed by Mr. Justice Larkin at the Appellate Division, there is nothing in either
 
 Dole v Dow Chem. Co.
 
 (30 NY2d 143,
 
 supra)
 
 or CPLR article 14 on contribution that justifies in this respect distinguishing claims for apportionment from those for indemnity. (Accord
 
 Berlin & Jones v State of New York,
 
 85 Misc 2d 970, 973-977; cf.
 
 Hard v Mingle,
 
 206 NY 179, 184;
 
 United States Lines v United States,
 
 470 F2d 487, 489.) To be sure, in circumstances arising from intentional or inadvertent legislative gaps courts have expanded time strictures on an injured party’s right to recover (see, e.g.,
 
 Becker v Huss Co.,
 
 43 NY2d 527, 541-542). It is not the role of the court, however, without benefit of legislative authority, to cut off abruptly a cause of action good until then under conventional law.
 

 In this particular case, the State is not hopelessly disadvantaged by the delayed accrual. Claimant’s December, 1974 letter to the Attorney-General and the attempt, albeit unsuccessful, to serve an impleader complaint in the Federal action
 
 *56
 
 put the State on notice of its potential liability. In other instances, however, the State might have to wait years after the occurrence to learn that it should have investigated a claim. But the remedy, again, is not with the courts. It is the Legislature, and the matter is urgent, that could best explore the possible alternatives, such as establishing an earlier accrual date, at least for notice of claim purposes, or perhaps, much better yet, allowing the State to be impleaded as a third party in the main action when the action is brought in the State courts. With CPLR 1007 available to implead the State, all claims could be tried in a single action, and potential claimants thereby encouraged to involve the State in anticipation of its liability. More important, the State would not be forced to defend claims which, if not as a technical matter, are, as a practical matter, stale.
 

 Under conventional principles, therefore, no judgment in the Federal action against Bay Ridge having been entered, let alone paid, its claim for indemnity and contribution has not yet accrued
 
 (Klinger v
 
 Dudley, 41 NY2d 362, 369). Hence, whether the 6-month general period of limitation or the 90-day tort period applies need not be reached.
 

 A determination that the claim has not yet accrued, however, would not necessarily end the matter. Another question is whether the Appellate Division correctly dismissed the claim as premature. A so-called "premature” action, better described as anticipatory, in which the plaintiff is not yet certain of his damages has, on occasion, been permitted (see
 
 Grant Co. v Uneeda Doll Co.,
 
 19 AD2d 361, 363-364, affd 15 NY2d 571). So, too, filings in the Court of Claims in advance of technical accrual have been held effective to preserve a party’s rights against the State
 
 (Atlantic Mut. Ins. Co. v State of New York,
 
 50 AD2d 356, 358, affd 41 NY2d 884;
 
 Matter of Johnson v State of New York,
 
 49 AD2d 136, 137-138). Because Bay Ridge does not appeal from the dismissal, however, that question also need not be reached.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed.