■ STATE OF NEW YORK, Respondent, v FRANK L. EHASZ, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered April 8, 1980 in Albany County, which denied defendant's motion to dismiss the complaint and stayed the filing of a note of issue pending determination of a related Court of Claims action. The State of New York and defendant entered into a contract whereby defendant, a civil engineer, was to prepare the survey and design for a portion of highway in Suffolk County, New York. The defendant completed the design contract in September, 1970, and final payment was made by the State to defendant in November, 1970. The State subsequently awarded the construction contract for that part of the highway designed by defendant to Davis Construction Company. Davis completed construction in August, 1973, and received final payment from the State in July, 1975. In October, 1975, Davis filed a claim in the Court of Claims seeking damages against the State in excess of $3,000,000. Said claim was based in part on defendant's alleged misdesign of the highway. The State has commenced the present action alleging a breach of contract in the design of the highway by defendant and a right to indemnity as to the action commenced by Davis in the Court of Claims. As found by Special Term, the applicable Statute of Limitations is six years and it did not commence to run until the highway construction was completed *(Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389, 394). The record establishes that the action was timely commenced and defendant's contention that the *Sears* case is inapplicable because he did not supervise the construction is rejected. The defendant further contends that the cause of action for indemnity is premature, and that contention has some merit *(Bay Ridge Air Rights v State of New York,* 57 AD2d 237, 239-240, affd on other grounds 44 NY2d 49). While the

Court of Appeals in its decision in the *Bay Ridge* case indicated some question as to finding the indemnity cause of action to be premature, this court indicated that the appropriate test encompasses the interests of fairness and judicial economy. Unlike *Bay Ridge,* the present case is not one which will be prosecuted solely to recover on a cause of action for indemnity or contribution. It is apparent that the issue of a right to indemnity will involve factual issues similar to those at issue in the causes of action based on breach of contract and, as such, it should be allowed to stand in the interests of fairness and to promote judicial economy. The defendant seeks a stay of all proceedings; however, it is readily apparent that the defendant is not a party to the action being prosecuted against the State in the Court of Claims and that proof of a breach of his contract is a matter independent of that action. Under such circumstances, there is no basis for a stay of all proceedings herein and the limited stay granted by Special Term should be affirmed. Order affirmed, with costs. Sweeney, J.P., Kane, Main, Mikoll and Herlihy, JJ., concur.