## (March 31, 1981)

■ MAVIS BUNKER, Plaintiff, v CHARLES C. BUNKER, Defendant and Third-Party Plaintiff-Appellant. HENRY A. MACCARO, Third-Party Defendant-Respondent. — Order, Supreme Court, New York County, entered August 1, 1980, dismissing defendant and third-party plaintiff's third-party action as barred by the Statute of Limitations, and denying his cross motion to amend the third-party complaint affirmed, with costs. This is an appeal by the defendant and third-party plaintiff Charles E. Bunker (defendant) from an order dismissing his third-party action as time barred and denying his cross motion to amend the third-party complaint. The main action is by the defendant's former wife to recover moneys allegedly due her under a stipulation of settlement entered into during the course of the matrimonial litigation. In his answer the defendant denied various of the allegations and asserted several affirmative defenses and counterclaims. On March 25, 1980, he commenced a third-party action against former counsel who had represented him at the time of the stipulation of settlement and thereafter until he was relieved on October 28, 1976, alleging in substance that the third-party defendant had represented defendant in an incompetent manner, and seeking indemnification in whole or in part for any sum awarded plaintiff against the defendant. The third-party defendant moved pursuant to CPLR 3211 (subd [a], par 5) for an order dismissing the third-party complaint on the ground that it was not commenced within the three-year period of limitations fixed for legal malpractice actions (CPLR 214, subd 6). Special Term granted the motion concluding that the action was in essence one for legal malpractice and as such time barred since not commenced within the three-year period of limitations. We affirm. The third-party complaint purports to set forth a claim for indemnification on the theory that any judgment against the defendant in the action commenced by his former wife would be a consequence of incompetent representation by the third-party defendant, and therefore the third-party defendant would be legally obligated to pay all or part of any such judgment. In an indemnity action it is, of course, well established that the period of limitations does not begin to run until the underlying claim is paid, and the applicable period of limitations is six years since the action is based upon an agreement either express or implied in law. (See Siegel, New York Practice, § 162.) These rules control whether an indemnity claim is based upon an alleged tort, breach of warranty or breach of contract. (See *McDermott v City of New York,* 50 NY2d 211; *Bay Ridge Air Rights v State of New York,* 44 NY2d 49; *Rogers v Dorchester Assoc.,* 32 NY2d 553; *Musco v Conte,* 22 AD2d 121.) However, a third-party action does not become an action for indemnity merely because the pleader has so denominated it. The nature of an indemnification action based upon a contract implied in law was succinctly described by the Court of Appeals in *McDermott v City of New York (supra,* pp 216-217): "Conceptually, implied indemnification finds its roots in the principles of equity. It is nothing short of simple fairness to recognize that '[a] person who, in whole or in part, has discharged a duty which is owed by him but which as

between himself and another should have been discharged by the other, is entitled to indemnity' (Restatement, Restitution, § 76). To prevent unjust enrichment, courts have assumed the duty of placing the obligation where in equity it belongs". Comment (b) of section 76 of the Restatement of Restitution amplifies the controlling rule in the following pertinent language: "The rule stated in this Section applies when two or more persons are subject to a duty to a third person either as joint promisors or otherwise, under such circumstances as one or more of them, as between themselves, should perform it rather than the other." It is readily apparent that the third-party defendant in the case at bar owed no duty whatever to plaintiff, that plaintiff had no claim, direct or indirect, against the third-party defendant, and therefore defendant has no claim for indemnification against the third-party defendant. As the Court of Appeals stated in *Brick v Cohn-Hall-Marx Co.* (276 NY 259, 264), "in applying the Statute of Limitations we look for the reality, and the essence of the action and not its mere name." The defendant's claim against the third-party defendant is for legal malpractice, not indemnification, and therefore the three-year limitations period applies. With regard to defendant's proposed amended third-party complaint alleging breach of contract, it is clear that defendant had the right to amend without leave of the court since the third-party defendant had not yet responded to the third-party complaint. (CPLR 3025, subd [a].) But the proposed cause of action alleges incompetence by the third-party defendant resulting in professional miscarriage to defendant, and it is established that absent a special agreement by the third-party defendant to obtain a specific result or to assure against miscarriage, the three-year Statute of Limitations will apply to bar the action. *(Glens Falls Ins. Co. v Reynolds,* 3 AD2d 686; cf. *Robins v Finestone,* 308 NY 543.) Accordingly, the order appealed from is affirmed in its entirety. Concur — Murphy, P.J., Sandler, Sullivan, Markewich and Fein, JJ.