■ ALSIDE, INC., Respondent-Appellant, v SPANCRETE NORTHEAST, INC., Appellant-Respondent. — Cross appeals from an order of the Supreme Court at

Special Term (Shea, J.), entered February 5, 1981 in Saratoga County, which, *inter alia,* granted a motion to dismiss one cause of action in the complaint, and denied a motion to dismiss two other causes of action in the complaint. In July of 1974, defendant sold to plaintiff a quantity of concrete steps. The plaintiff then sold them to Glen Street Realty (Glen). In May of 1977, Glen commenced an action for breach of warranty against plaintiff in Saratoga County Court alleging that the steps were defective. Since defendant was not subject to the jurisdiction of the Saratoga County Court (Judiciary Law, § 190, subd 5), it could not be impleaded, but plaintiff served a notice of litigation on defendant pursuant to section 2-607 (subd [5], par [a]) of the Uniform Commercial Code. In August of 1980, the instant action was commenced in Supreme Court for indemnification and contribution based upon breach of warranty and negligent manufacture. Defendant moved to dismiss all three causes of action pursuant to CPLR 3211 (subd [a], pars 3, 5, 7) or, in the alternative, for a change of venue to Albany County. Plaintiff cross-moved for an order removing the action against it by Glen to Supreme Court and consolidating it with the instant action. Plaintiff's first cause of action seeks indemnification for breach of the warranties of merchantability and fitness for a particular purpose on the theory that it may be held liable to Glen. Special Term dismissed this cause of action on the ground that no such cause of action for indemnity in a breach of warranty action exists where there is no resultant property damage or personal injury. This court, however, has recently held that a right to contribution or indemnity exists where the claim is based exclusively on breach of warranty (see *State Univ. Constr. Fund v United Technology Corp.,* 78 AD2d 748). Even so, we conclude that this cause of action was properly dismissed due to the fact that no payment has been made by plaintiff to Glen. As a general rule, a cause of action for indemnity accrues on the date payment is made by the party seeking indemnity *(Bay Ridge Air Rights v State of New York,* 44 NY2d 49,54; *Cubito v Kreisberg,* 69 AD2d 738, affd 51 NY2d 900). Although CPLR 1007 permits a defendant seeking indemnification or contribution to implead a third party prior to the ripening of his claim, this is not a case where such impleading has taken place. This is in fact a separate action by plaintiff. On the present record, we find no reason to depart from the general rule that the proper accrual date is when payment is made by the party seeking indemnification and, consequently, we are of the view that plaintiff's first cause of action should be dismissed as premature. Plaintiff's second cause of action seeks indemnification for negligence in the manufacture of the steps on the theory that it may be held liable to Glen for any negligence in manufacturing the steps. Special Term refused to dismiss this cause of action. For the reasons previously noted, we conclude that this cause of action must also be dismissed as premature. Plaintiff's third cause of action seeks contribution for defendant's equitable share of any judgment rendered against plaintiff in favor of Glen. Special Term also refused to dismiss this cause of action. For purposes of determining the accrual date of a cause of action for contribution, the Court of Appeals has determined that such claims are indistinguishable from claims for indemnification and, therefore, a claim for contribution does not accrue until payment is made by the party seeking contribution *(Bay Ridge Air Rights v State of New York, supra,* pp 55-56). Accordingly, this cause of action also must be dismissed as premature. In view of our determination that all three causes of action are premature, the complaint must be dismissed. Order modified, on the law, by reversing so much thereof as denied defendant's motion to dismiss plaintiff's second and third causes of action, motion granted and complaint dismissed, without prejudice,

and, as so modified, affirmed without costs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Weiss, JJ., concur.