**In re SPI COMMUNICATIONS & MARKETING, INC., Debtor.**

**Lee E. WOODARD, Trustee, Plaintiff,**

and

**Frank Sicilia and Nicholas Buccina, Intervenors,**

v.

**Roy S. SANDERS, Defendant.**

**In re ABS COMMUNICATIONS, INC., Debtor.**

**Lee E. WOODARD, Trustee, Plaintiff,**

and

**Henry T. Wilcox, Jr. and Gary W. Wolczanski, Intervenors,**

v.

**Roy S. SANDERS, Defendant.**

Nos. 87–00642, 8700643.
Adv. Nos. 89–0051, 89–0052.

United States Bankruptcy Court, N.D. New York.

March 9, 1990.

MEMORANDUM–DECISION, FINDINGS
OF FACT, CONCLUSIONS OF LAW
AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

The instant motion for summary judgment pursuant to Federal Bankruptcy Rule ("Bankr.R.") 7056, which incorporates by reference Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 56, is filed by Defendant, Roy S. Sanders, Esq. ("Sanders") in the adversary proceeding (Adv.Pro. No. 89–0052) commenced by the Chapter 7 Trustee on behalf of Plaintiff, ABS Communications, Inc. ("ABS") alleging legal malpractice by Sanders in his representation of Debtor ABS. The Chapter 7 Trustee simultaneously commenced an identical adversary proceeding (Adv.Pro. No. 89–0051) against Sanders on behalf of another debtor corporation, SPI Communications and Marketing, Inc. ("SPI"). On October 20, 1989 the Court entered an Order, upon the motion of the principals, Henry T. Wilcox Jr. and Gary W. Wolczanski of ABS and Frank Sicilia and Nicholas Buccina of SPI (collectively "Intervenors") with the consent of Sanders and the Trustee, allowing the principals to intervene as party-plaintiffs in their respective adversary proceedings pursuant to Bankr.R. 7024, which incorporates Fed.R.Civ.P. 24. Sanders' motion seeks dismissal of the Complaints of both the Trustee and Intervenors on the grounds that the matters set forth in the Complaints are not "core" proceedings within the meaning of 28 U.S.C. § 157(b)(2), or that the Court should abstain pursuant to 28 U.S.C. § 1334(c), or alternatively, consolidation of the adversary proceedings under Bankr.R. 7042.

Baum & Woodard, Syracuse, N.Y. (Lee E. Woodard, of counsel), for plaintiff.

James A. Resti, Syracuse, N.Y., for intervenors.

MacKenzie, Smith, Lewis, Michell & Hughes, Syracuse, N.Y. (Nancy L. Pontius, of counsel), for defendant.

## FACTS

The petitions for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code") were filed on behalf of both Debtors ABS and SPI by Sanders on May 7, 1987. The Chapter 11 cases were converted to Chapter 7 by Order of the Court in each case dated on February 5, 1988. It appears undisputed that Sanders represent-

ed both Debtors throughout the period involved in the Complaints.

The Trustee's Complaints allege Sanders' "negligent pattern of inaction" regarding his representation during the course of their respective Chapter 11 cases which included, *inter alia*, Sanders' consent, contrary to his clients' express wishes and after informing the clients that they need not attend the motion to convert or dismiss, to have each of the Debtors' cases converted from Chapter 11 to Chapter 7. It further alleges that the conversion to Chapter 7 directly caused the loss of profits from a "potentially lucrative contract" and liquidation of assets which were required to service their regular accounts. The Intervenors' Complaints contain substantially the same allegations as the Trustee's in each proceeding.

Both the Trustee's and the Intervenors' Complaints seek solely money damages.

### ARGUMENTS

Sanders contends that the adversary proceedings commenced by the Trustee's Complaints are not core proceedings under 28 U.S.C. § 157(b)(2) and that the exercise of jurisdiction over these proceedings by this Court would violate Article III of the Constitution. Under his reading of *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and *Granfinanciera, S.A. v. Nordberg*, —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), a jurisdictional scope governed by whether a proceeding is integral to the restructuring of debtor-creditor relations means that a literal interpretation of subsections (A) and (O) of 28 U.S.C. § 157(b)(2), the so called catch-all provisions, is not constitutionally permissible. Sanders also cites the test enunciated in *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987) requiring invocation of a "substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case" to support his conclusion that a legal malpractice claim does not invoke a substantive right under title 11 nor does it arise only in the context of a bankruptcy case.

Sanders asserts that, to the extent that the First Circuit held in *In re Arnold Print Works, Inc.*, 815 F.2d 165 (1st Cir.1987) (*"Arnold Print Works"*), that post-petition claims are core proceedings solely by virtue of being post-petition, it contradicts *Granfinanciera* and is thus not a sound basis for this Court's decision.

Even if the Trustee's Complaints are found to involve core matters in the Debtors' respective bankruptcy cases, Sanders maintains, abstention is appropriate in the interests of justice. The Court's previous involvement in the proceedings out of which the malpractice claims arise, weigh in favor of abstention in these proceedings. In the event that his motion is denied, Sanders requests that "the proceedings be consolidated" in that they involve common issues of fact and law.

In his Answer, Sanders has demanded a jury trial.

The Trustee argues that Sanders' unauthorized consent to the conversion of these cases from Chapter 11 to Chapter 7 gave rise to a post-petition claim. The consequent inability of the Chapter 11 Debtors to carry on their businesses under Chapter 11, as opposed to closing the businesses and losing any continuing contracts under Chapter 7, contends the Trustee, is clearly integral to the restructuring of debtor-creditor relationships under *Marathon* regardless of whether it is read narrowly or broadly.

The Trustee argues against the Court's abstention. He maintains that the interests of justice would be best served by a bankruptcy court hearing a malpractice case involving bankruptcy law.

The Trustee agrees with Sanders that if the Court has jurisdiction over the matters raised in his Complaints, that both adversary proceedings should be consolidated for trial. The only difference in proof between the two proceedings would be with regard to the amount of damages.

It should be noted that the Intervenors neither appeared in opposition to Sanders' motions nor submitted any memoranda of law.

## DISCUSSION

In considering the instant matters, the Court is counselled by two pertinent Second Circuit decisions, *Gulf States Exploration Co. v. Manville Forest Products Corp. (Manville Forest Products Corp.)*, 896 F.2d 1384 (2d Cir.1990) and *Ben Cooper, Inc. v. The Insurance Company of the State of Pennsylvania, Kalvin–Miller International, Inc., and Kerwick & Curran, Inc. (In re Ben Cooper, Inc.)*, 896 F.2d 1394 (2d Cir.1990) ("*Cooper*"). As there are no disputed issues of fact material to resolution of the instant motion, the Court finds the matters herein appropriate for summary judgment.

### a. Core vs. Non-core

■ The issue for determination is whether the Trustee's Complaints against the respective Debtors' counsel for legal malpractice directly concerning the bankruptcy case which arose post-petition falls within "the core of the federal bankruptcy power." *Marathon, supra*, 458 U.S. at 71, 102 S.Ct. at 2871.

In *Cooper*, the debtor commenced an adversary proceeding against multiple defendants including an insurance broker alleging, *inter alia*, damages attributable to the broker's negligence and malpractice flowing from a post-petition contract between the broker and the debtor. The bankruptcy court's decision, which was subsequently upheld in *Cooper*, relied primarily upon § 157(b)(2)(A) in holding that the debtor's adversary proceeding was a core matter.[1]

The controversy regarding whether the enumerated categories of core matters, specifically 28 U.S.C. § 157(b)(2)(A) and (O), should be interpreted broadly, *see Arnold Print Works, supra*, or narrowly, *see In re Castlerock Properties*, 781 F.2d 159, 162 (9th Cir.1986), has been resolved for this Court by the Second Circuit's concurrence in *Cooper* with the First Circuit's conclusion in *Arnold Print Works* that "core proceedings" as used in 28 U.S.C.

§ 157(b)(2) was intended by Congress to be interpreted broadly. *Cooper, supra*, 896 F.2d at 1398–99. Section 157(b)(3), the court added, is a manifestation of Congress' intent that "bankruptcy courts are not precluded from adjudicating state-law claims when such claims are at the heart of the administration of the bankrupt estate." *Id.* 896 F.2d at 1399.

Also significant in *Cooper* and *Arnold Print Works* is the fact that the adversary proceedings arose out of a post-petition contract with the debtor. A leading commentator agrees that an action on a post-petition account receivable is a core matter as the cause of action "arises in" the title 11 case, and was not owned by the debtor at the time the title 11 case was commenced. 1 L. King COLLIER ON BANKRUPTCY ¶ 3.01[2][b][iv] (15th ed.1989). The court in *Arnold Print Works* noted that examination of the jurisdictional history of claims which have arisen post-petition reveals that they are not "traditional contract actions; nor are they matters that historically have been decided only in the equivalent of Article III courts." *Arnold Print Works, supra*, 815 F.2d at 169.

Crucial to the distinction between a *Marathon*-type breach of contract case and that in which the claim arises in the title 11 case is that, because the debtor-in-possession is, to an extent, viewed as an officer of the bankruptcy court, the contract is treated as a contract with the court itself. The party entering into the contract thereby subjects himself for the purposes of the contract to the bankruptcy court's jurisdiction. *Arnold Print Works, supra*, 815 F.2d at 169–70. The claim itself, viewed as one arising between the government and another party, can be characterized as raising matters of "public rights", the adjudication of which by the bankruptcy court is not foreclosed by *Marathon*. *Id.* at 170.[2] Accordingly, the *Cooper* court read *Marathon* to apply only to claims arising pre-petition, and that "post-petition contracts

---

1. 28 U.S.C. § 157(b)(2)(A) provides that "matters concerning the administration of the estate" are core proceedings.

2. The Supreme Court reiterated in *Granfinanciera, supra*, 109 S.Ct. at 2797, that "the Federal Government need not be a party for a case to revolve around public rights."

with the debtor-in-possession, therefore, are integral to the estate administration from the date they are entered into." *Cooper, supra,* 896 F.2d at 1399 (citations omitted).

Sanders asserts that under the test articulated by the court in *In re Wood, supra,* 825 F.2d at 97, the Trustee's malpractice claims neither invoke a substantive right provided by Chapter 11 nor is it a proceeding that by its nature could only arise in the context of a bankruptcy case. The Court disagrees in that Sanders' alleged consent on the respective Debtors' behalf to conversion of the Debtors' Chapter 11 case to a Chapter 7 case was an exercise of a fundamental substantive right belonging to the Debtors-in-possession under the Code. The drastic alteration in rights of the Debtors and creditors occasioning such a conversion is solely a product of a Congressionally-created right found only within the bankruptcy statute.

Having stated the foregoing regarding substantive bankruptcy rights under the *Wood* test, the Court need not rely upon it herein, as the court in *Cooper* held that "the timing of the dispute [apart from the *Wood* criteria] may render it uniquely a bankruptcy case." *Cooper, supra,* 896 F.2d at 1400. The adjudication by the bankruptcy court of claims arising from post-petition contracts with the debtor are "an essential part of administering the estate" and, therefore, are core matters pursuant to 28 U.S.C. § 157(b)(2)(A). *Id.* at 1594. *See also Arnold Print Works, supra,* 815 F.2d at 165–66 (timing and relation to judicial administration of estate distinguish *Marathon* from non-*Marathon* cases). In a related case, the Second Circuit, in considering whether a matter was core, stated that rather than dwelling upon the state or federal basis of a claim, the test is whether "the nature of this adversary proceeding falls within the core of the federal bankruptcy power." *In re Manville Forest Products Corp., supra,* 896 F.2d at 1389.

In the cases at bar, both the Trustee's and the Intervenors' Complaints set forth Sanders' alleged post-petition acts and omissions relating to administration of the Debtors-in-possession's bankruptcy cases. While Sanders was not appointed for the purpose of compensation until August 21, 1987, he was the Debtors' attorney of record by virtue of executing the Debtors' Chapter 11 petitions as such. As the Court's appointment of an attorney pursuant to Code § 327 is for the purposes of his subsequent compensation, his alleged post-petition acts and omissions commencing with the filing of the petition are undertaken within the attorney-client relationship. Thus, although the adjudication of a legal malpractice claim involves state law, the allegations of the Complaints allege a direct causal link between Sanders' legal representation of the former Debtors' cases and the subsequent fundamental change affecting debtor-creditor relations as a result of the conversion of their cases from Chapter 11 reorganization to Chapter 7 liquidation. The Court's jurisdiction, therefore, stems not only from Code § 157(b)(2)(A), but also from subsection (O) as it concerns the adjustment of the debtor-creditor relationship. Other courts which have considered similar factual situations lend support. *See Leonard v. Wessel (In re Jackson),* 90 B.R. 126, 129–31 (Bankr.E. D.Pa.1988); *Hershman v. Thorne, Grodnik & Ransel (In re Stockert Flying Service, Inc.),* 74 B.R. 704, 706–07 (N.D.Ind. 1987); *Levy v. Butler, Payne and Griffin (In re Landbank Equity Corp.),* 77 B.R. 44, 46–48 (E.D.Va.1987).

**b. Jury Trial**

The Seventh Amendment provides that "[I]n Suits at common law ... the right of trial by jury shall be preserved ..." The Supreme Court has interpreted the phrase "Suits at common law" to refer to suits involving the determination of *legal* rights as distinguished from those where only equitable rights and remedies are involved. *Granfinanciera, supra,* —— U.S. at —— –——, 109 S.Ct. at 2789–90. The Court has further observed that "where an action is simply for the recovery ... of a money judgment, the action is one at law." *Id.* (quoting *Whitehead v. Shattuck,* 138 U.S. 146, 151, 11 S.Ct. 276, 276–77, 34 L.Ed. 873

(1891). *See also Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 476, 82 S.Ct. 894, 899, 8 L.Ed.2d 44 (1962) (insofar as complaint requests money judgment it is unquestionably legal).

■■■ The debtor in *Cooper* sought damages from insurance brokers for their alleged negligence and malpractice. Here, similar to *Cooper*, money damages are sought from Sanders due to his alleged "negligent pattern of inaction" in his representation of the Debtors' in their Chapter 11 cases. Generally, negligence which gives rise to legal malpractice is based upon the attorney's breach of his duty of care. The essence of such an action is in tort. *See e.g., Bunker v. Bunker*, 80 A.D.2d 817, 437 N.Y.S.2d 326 (N.Y.App. Div.1981). The *Cooper* court determined the nature of debtor's claim to be "inherently legal" thereby warranting trial by jury. *Cooper, supra*, 896 F.2d at 1402. Thus, the legal nature of the claim, as well as the relief sought, support the conclusion that Sanders is entitled to a jury trial under the Seventh Amendment.

■■■ Under *Cooper*, jury trials conducted by the bankruptcy court in core proceedings do not violate Article III. As Sanders has demanded a trial by jury in the instant adversary proceedings, which the Court herein has concluded are core matters insofar as the Trustee's Complaints are concerned, the Court may properly conduct that jury trial. Due to the abrogation of Federal Bankruptcy Rule 9015, Fed.R. Civ.P. 38 and 47–51 will henceforth apply to this jury trial.

c. Abstention

■■■ The Court notes at the outset that in light of its finding, *supra*, that the claims of the Trustee in the instant adversary proceedings against Sanders are core, the provisions regarding mandatory abstention do not apply. *See* 28 U.S.C. § 1334(c)(2). Abstention by the Court, as pertains to the Trustee's Complaints against Sanders, is discretionary within the bounds of the "interests of justice" and "comity with State courts." *See* 28 U.S.C. § 1334(c)(1).

■■■ The Court cannot agree with Sanders' contention that abstention will further the interests of justice in regard to the Trustee's claims. As addressed above, resolution of the dispute will involve consideration of both substantive and procedural bankruptcy law. It defies logic that a court less acquainted with bankruptcy law will better address issues of alleged malpractice in a bankruptcy context than a bankruptcy court.

Sanders also asserts that the Court's previous involvement with the proceedings necessitate abstention. The Court does not agree. Such rationale, if carried to its logical conclusion, would prohibit a bankruptcy court from ever presiding over an adversary proceeding involving claims which may have arisen in the case post-petition. Additionally, since it has been determined that a jury will decide the merit of the allegations of the Trustee's Complaints, none of the parties would be prejudiced.

■■■ As for the Intervenors' Complaints, however, the Second Circuit's decision in *Cooper, supra*, has given rise to a previously unforeseen consideration. The Court's Order dated October 18, 1989 permitting intervention of the Debtors' principals was entered upon Sanders' consent with reservation of his right to object to the Court's subject matter jurisdiction.

In the interim, *Cooper* was decided which weighed heavily in the instant decision to grant and conduct a jury trial on the Trustee's Complaints as Sanders has demanded. *Cooper*, however, provides a cautionary note that jury trials in non-core proceedings, such as that between the Intervenors and Sanders, must be consensual in order to avoid an unconstitutional de novo review by the district court of the jury's factual findings. *See e.g., Cooper, supra*, 896 F.2d at 1402–03. *See also* U.S. CONST. amend. VII ("no fact tried by jury, shall be otherwise re-examined in any Court ..."); 28 U.S.C. § 157(c)(1).

In light of *Cooper*, prudence dictates that the Court require Sanders and the Intervenors to submit their "consent," within the meaning of 28 U.S.C. § 157(c)(2),

to the entry by this Court of appropriate orders and judgments in the matter as between Sanders and the Intervenors. As the Intervenors' claims, though arguably related, are not core matters, the absence of Sanders' and the Intervenors' express consent will require the Court to report and recommend to the District Court abstention from hearing their Complaints, pursuant to Bankr.R. 5011(b).

d. Consolidation

As Sanders and the Trustee on behalf of Debtors ABS and SPI are in agreement regarding consolidation, the Court will allow consolidation of the adversary proceedings as against Sanders.

Based upon the foregoing, it is,

ORDERED, that Sanders' summary judgment motion is denied to the extent that the adversary proceeding commenced by the Trustee on behalf of ABS and SPI is hereby deemed a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); Defendant Sanders is entitled to a jury trial on the legal malpractice claims of the Trustee; the Court will conduct a jury trial on the claims and, therefore, not abstain pursuant to 28 U.S.C. § 1334(c)(1) and it is further,

ORDERED, that Sanders' request for consolidation of the adversary proceedings against Sanders on the claims brought by the Trustee on behalf of the estates of the Debtors ABS and SPI is granted, and it is finally,

ORDERED, that unless the Court receives the express written consent of both Sanders' and the Intervenors,' pursuant to 28 U.S.C. § 157(c)(2), to the final determination of the Intervenors' Complaints by this Court subject only to review under 28 U.S.C. § 158 within fifteen (15) days of the entry of this Order, the Court, without further motion, will report and recommend to the United States District Court for the Northern District of New York, abstention from hearing their Complaints pursuant to Federal Bankruptcy Rule 5011(b).