### In re SULLIVAN'S JEWELRY, INC., Debtor.

### William SULLIVAN a/k/a Bill Sullivan, Plaintiff,

### v.

### Norman W. PRESSMAN, Defendant.

Bankruptcy No. 90–44799–172.
Adv. No. 93–4194–172.

United States Bankruptcy Court, E.D. Missouri, E.D.

Oct. 22, 1993.

---

Office of United States Trustee, St. Louis, MO.

Roger M. Hibbits, Clayton, MO, for plaintiff.

Henry D. Menghini, St. Louis, MO, for defendant.

### *ORDER*

JAMES J. BARTA, Bankruptcy Judge.

At Saint Louis, in this District, this 22nd day of October, 1993.

The matter before the Court is one of three related Adversary Proceedings that have been removed from a nonbankruptcy court to the Bankruptcy Court.[1] Specifically, this Order addresses several pretrial requests, including the Defendant's Motion For Judgment on the Pleadings. Prior to a consideration of the substantive legal issues presented by the pleadings, the Bankruptcy Court must determine the extent of its jurisdiction to enter final orders on the disputed issues. *See* 28 U.S.C. § 157(b)(3). Except for certain factual differences, the Order is essentially the same in each of the three Adversary Proceedings.

The initial question concerns the extent of the Bankruptcy Court jurisdiction in a lawsuit that has been removed from the Circuit Court of the City of St. Louis. This Order is the final order of the Bankruptcy Court concerning its jurisdiction in this matter.

The Debtor in this Chapter 7 bankruptcy case is Sullivan's Jewelry, Inc., a corporate entity. The case was commenced on October 2, 1990 by the filing of an Involuntary Petition by certain creditors of the Debtor. On February 19, 1991, an Order For Relief under Chapter 11 was entered by the Court after the Debtor announced its intention to attempt to formulate a plan of reorganization. On May 2, 1991, on the motion of the duly appointed Chapter 11 Operating Trustee, the case was converted to a liquidating case under Chapter 7. The Chapter 7 Trustee was authorized to retain an attorney to assist with legal matters associated with the investigation, administration and liquidation of the Chapter 7 estate.

In late March, 1993, William Sullivan ("Plaintiff"), a former officer of the corporate Debtor filed a lawsuit against the Chapter 7 Trustee's attorney ("Defendant") in the Circuit Court of the City of St. Louis, Missouri. The Petition For Slander alleged that on March 27, 1991, in the presence of others, the Defendant stated, "I know all about Bill Sullivan he is a thief." The Plaintiff alleged further that the Defendant's statement was slanderous; that Plaintiff was damaged as a result of the statement; and that Plaintiff was entitled to a money judgment.

On April 28, 1993, the Defendant filed a Notice of Removal of the slander action to the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure ("FRBP"). In the Notice of Removal, the Defendant alleged that the slander action constituted a core proceeding as described at 28 U.S.C. § 157(c)(1) and, that therefore, the Bankruptcy Court had jurisdiction over the matter pursuant to both 28 U.S.C. § 157 and 28 U.S.C. § 1334. The removed matter was referred to the Bankruptcy Court pursuant to Rule 29 of the Rules of United States District Court for the Eastern District of Missouri.[2]

---

1. The Defendant in each Adversary Proceeding is the same individual, and each prayer for relief is based on allegedly slanderous statements. The Adversary Proceeding numbers are 93–4194, 93–4195, and 93–4391.

2. Rule 29(B) **Reference to Bankruptcy Judges.**

(1) All cases under Title 11 of the United States Code and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are, pursuant to the provisions of 28 U.S.C. § 157, referred to the Bankruptcy Judges now and hereafter in regular active service as a unit of this Court, being those judges

The Defendant filed a copy of the Notice of Removal with the Clerk of the Circuit Court on April 28, 1993. The Plaintiff did not file a statement admitting or denying the allegation that the removed action was a core proceeding within the time set out at Rule 9027(e)(3). On May 11, 1993, the Plaintiff demanded a jury trial after the Defendant had reported that this matter would have been triable as a Jury trial in the court from which it had been removed. After filing an answer and affirmative defenses, the Defendant filed a Motion for Judgment on the Pleadings on July 6, 1993. This Order is entered after a consideration of the record as a whole, including the oral arguments and legal memoranda presented by the Parties' Counsel.

In the Notice of Removal and in the pre-trial requests, the Defendant has contended that this Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). He argues that the lawsuit will affect the administration of the Bankruptcy Estate, the liquidation of the estate assets, or the adjustment of the debtor-creditor or equity security holder relationship.

As support for his position, the Defendant has referred to the decision of the Ninth Circuit Bankruptcy Appellate Panel in the case of *In re DeLorean Motor Co.*, 155 B.R. 521 (9th Cir. BAP 1993). The Defendant has argued that the *DeLorean* opinion stands for the proposition that state law claims against a Trustee's attorney are considered core proceedings. As further support for his argument the Defendant has cited *In re SPI Communications & Marketing, Inc.*, 112 B.R. 507 (Bankr.N.D.N.Y.1990) for the proposition that state law claims based on actions that arose post-petition are directly linked to matters concerning liquidation of the estate and the adjustment of the debtor-creditor relationship, and are therefore core proceedings.

The Plaintiff has objected to the Motion for Judgment on the Pleadings on the grounds that the Bankruptcy Court has no jurisdiction over the cause of action for slander. Essentially, Plaintiff has argued that

the cause of action is not a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). He has requested that this Court immediately refer the Adversary Proceeding to the District Court for a jury trial without otherwise suggesting a basis for Federal Court jurisdiction.

Pursuant to 28 U.S.C. § 157(b)(2)(A), "[c]ore proceedings include ... matters concerning the administration of the estate." Subsection 157(b)(2)(O) of Title 28 provides that "proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship ..." are also core proceedings.

In the *DeLorean* decision, the Bankruptcy Appellate Panel ("BAP") reasoned that the mere fact that a proceeding may fall within the literal language of Section 157 is not dispositive of the core jurisdiction question, because a court's interpretation of the statute must include a consideration of the concerns raised by the Supreme Court's decision in *Northern Pipeline Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The BAP decision held that a proceeding will not be considered a core matter, despite falling within the literal meaning of Section 157, "if it is a state law claim that could exist outside of bankruptcy and is not inextricably bound to the claims allowance process or a right created by the Bankruptcy Code." *In re DeLorean*, supra, at 525.

The BAP concluded that, in the circumstances in the *DeLorean* case, the adversary proceeding would have an effect on the pending Bankruptcy case because the suit was essentially "a suit against the trustee which interferes with administration of the bankruptcy estate." *Id.* at 525 (referring to a determination by the Sixth Circuit Court of Appeals in an earlier proceeding). The *DeLorean* proceeding involved a malicious prosecution suit brought by the Debtor's attorney against the attorneys for the Trustee. The malicious prosecution claim was precipitated by an earlier action brought by the Trustee

referred to in Sections 106(a) and 121(e) of the Act and their successors in office, such Judges to

exercise such jurisdiction as is by the Act conferred upon them as Bankruptcy Judges.

against the Debtor and the Debtor's attorney alleging a fraudulent conveyance. *Id.* at 522. The BAP concluded that the Trustee's attorneys were the alter-ego of the Trustee himself with respect to their actions in the fraudulent conveyance proceeding, and that therefore, the suit against the Trustee's attorneys was essentially a suit against the Trustee which would have a substantial impact on the bankruptcy proceeding itself.

The facts in the case being considered here differ significantly from the *DeLorean* case. No party here has suggested that the incidents that are alleged to be the basis for the Plaintiff's lawsuit arose out of, or were related to, the bankruptcy proceeding. The slander lawsuit is not directly related to the bankruptcy case. The Plaintiff has argued that he is proceeding against the Defendant in his individual capacity. The record before the Court has established that this lawsuit is an action by a nondebtor Plaintiff against a nondebtor Defendant; and that, in a separate proceeding the Defendant is the legal representative of the Trustee in the Bankruptcy case of a corporate entity in which the Plaintiff had an interest; and that the outcome of the Plaintiff's petition for slander will not affect the administration of this estate.

The Plaintiff has not alleged, and the record does not suggest that the purportedly slanderous statements were made while the Defendant was acting on behalf of the Trustee. Thus, no "alter-ego" theory has been suggested in this case as it was in the *DeLorean* case.

As additional precedent for his position, the Defendant has referred to the decision in the *SPI Communications* case. Although the *SPI* decision supports the proposition that a post-petition claim may be a core matter simply because the dispute arose after the petition was filed, it does not apply to the fact situation now before the Court. In the *SPI* case, the Bankruptcy Court viewed the debtor as an officer of the court because the debtor was a debtor-in-possession under Chapter 11. *In re SPI Communications & Marketing, Inc.*, 112 B.R. 507, 510 (Bankr. N.D.N.Y.1990). The Court reasoned that actions taken by the attorney for the debtor-in-possession in the context of the attorney-client relationship were essentially actions dealing with the court itself, thereby subjecting the attorney to the jurisdiction of the bankruptcy court.

The matter being considered here is distinguishable from the *SPI* case. The Plaintiff's lawsuit here does not involve a Chapter 11 debtor in possession. The dispute is grounded in nonbankruptcy law. It is a proceeding between two persons acting in their individual capacities. The outcome of the lawsuit is not reasonably anticipated to have an effect on the administration of the bankruptcy case.

This matter is not a core proceeding arising under title 11, or arising in a case under title 11. Neither is it a core proceeding as described in 28 U.S.C. § 157(b)(2), or a non-core proceeding that is otherwise related to a case under title 11. The Bankruptcy Court does not enjoy subject matter jurisdiction to hear and determine this state law action between two non-debtor individuals, when the outcome of the lawsuit is not reasonably expected to affect the administration of the Chapter 7 estate.

In the absence of Federal Court jurisdiction, the Bankruptcy Court is authorized pursuant to Rule 9027(d), FRBP, and 28 U.S.C. § 1452(b) to remand the matter to the court from which it had been removed.

Therefore,

**IT IS ORDERED** that these proceedings are concluded; and that this removed Adversary Proceeding is remanded to the Circuit Court of the City of St. Louis, State of Missouri; and that a judicial determination of all other motions and requests in this matter, including the Defendant's Motion For Judgment on the Pleadings, is deferred to the Missouri Circuit Court for such other and further proceedings as may be appropriate.