■ STATE OF NEW YORK, Appellant, v SYRACUSE RIGGING COMPANY, INC., Respondent. (Action No. 1.) STATE OF NEW

York, Appellant, v Watertown Construction Company, Inc., Respondent. (Action No. 2.) [671 NYS2d 801] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Coutant, J.), entered March 24, 1997 in Broome County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaints in action Nos. 1 and 2, and (2) from an order of said court, entered July 9, 1997 in Broome County, which denied plaintiff's motion for reconsideration.

This appeal arises out of an accident that occurred when Rollo Reed, an ironworker, fell from scaffolding while working on a bridge owned by plaintiff located in the City of Binghamton, Broome County. Plaintiff had contracted with defendant Watertown Construction Company, Inc. to repair the bridge. Watertown, in turn, subcontracted with defendant Syracuse Rigging Company, Inc. to perform certain iron work, including the installation of new bridge girders. Reed was employed by Syracuse at the time of the accident. Thereafter, Reed and his wife commenced an action against plaintiff in the Court of Claims alleging causes of action for negligence and violations of various provisions of the Labor Law.

Plaintiff, in turn, commenced these actions against defendants in Supreme Court seeking, *inter alia*, indemnification in the Reeds' Court of Claims' action. The Reeds subsequently moved for summary judgment against plaintiff on their Labor Law § 240 (1) cause of action. Prior to a decision on that motion, plaintiff moved for summary judgment on its indemnification claims and to consolidate its actions against defendants. Defendants, in turn, cross-moved for summary judgment dismissing plaintiff's indemnification claims. Supreme Court, *inter alia*, granted defendants' cross motions and dismissed the indemnification claims as premature. Following the Court of Claims' grant of the Reeds' motion for summary judgment on their Labor Law § 240 (1) cause of action, plaintiff moved for reconsideration of the prior motion, which Supreme Court denied. Plaintiff appeals from the orders denying summary judgment and its motion for reconsideration.*

We find no merit to plaintiff's claim that Supreme Court should have granted a conditional judgment of indemnification in its actions against defendants. As a general rule, a claim for indemnification does not accrue until payment has been made by the party seeking indemnification (*see, McDermott v City of New York*, 50 NY2d 211, 216; *Alside, Inc. v Spancrete Northeast*, 84 AD2d 616, 617; *Bay Ridge Air Rights v State of New*

---

* For the purpose of these appeals, defendants have stipulated to the consolidation of the actions.

*York*, 57 AD2d 237, 238, *affd* 44 NY2d 49). Departure from this rule may be warranted where the interests of justice and judicial economy so dictate (*see, State of New York v Ehasz*, 80 AD2d 671, 672; *Bay Ridge Air Rights v State of New York, supra*, at 239). In such an instance, the issuance of a conditional judgment of indemnification, pending the outcome of the main action, is appropriate "in order that the indemnitee obtain the earliest possible determination as to the extent to which he or she may expect to be reimbursed" (*O'Brien v Key Bank*, 223 AD2d 830, 831; *see, e.g., Schwalm v County of Monroe*, 158 AD2d 994; *Blair v County of Albany*, 127 AD2d 950).

In this case, it is undisputed that plaintiff has not made payment to the Reeds on the judgment obtained in connection with their Labor Law § 240 (1) cause of action. Therefore, plaintiff's indemnification claims are clearly premature and we find no reason to depart from the general rule under the circumstances presented herein. The record discloses the existence of factual issues regarding plaintiff's potential negligence arising out of its supervision and control over the worksite. If it is ultimately determined that plaintiff was negligent and that its negligence contributed to Reed's injuries, plaintiff cannot prevail upon its indemnification claims (*see, Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 180; *O'Brien v Key Bank, supra*, at 831-832; *Kozerski v Deer Run Homeowners Assn.*, 217 AD2d 841, 843). In view of this, we find no reason to disturb Supreme Court's dismissal of plaintiff's indemnification claims as premature (*see, Zgoba v Easy Shopping Corp.*, 246 AD2d 539; *Alside, Inc. v Spancrete Northeast, supra*, at 617; *cf., State of New York v Ehasz, supra*, at 672).

Turning to plaintiff's motion for reconsideration, plaintiff alleged in support of the application that a judgment had been rendered against it in the Court of Claims. Because that allegation would not change the disposition of plaintiff's summary judgment motion, we find no abuse of discretion in Supreme Court's denial of the motion (*see, Matter of Cario v Sobol*, 157 AD2d 172, 176).

Mikoll, Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, with one bill of costs.