LENA C. TEDESCO, Individually and as Executrix of FRANK J. TEDESCO, Deceased, Respondent, v A.P. GREEN INDUSTRIES, INC., et al., Defendants, and INSULATION DISTRIBUTORS, INC., Appellant and Third-Party Plaintiff-Appellant. E.I. DU PONT DE NEMOURS AND COMPANY, Third-Party Defendant-Respondent. [801 NYS2d 867]—

Appeal from an order of the Supreme Court, Niagara County (James B. Kane, J.H.O.), entered May 26, 2004. The order, inter alia, granted the cross motion of third-party defendant to dismiss the third-party complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion with respect to the third-party complaint and reinstating the third-party complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced an action (hereafter, underlying action) alleging that products supplied to E.I. du Pont de Nemours and Company (DuPont), her husband's former employer, by defendant Insulation Distributors, Inc. (IDI), among others, exposed her husband to asbestos and caused his death. IDI thereafter commenced a third-party action against DuPont seeking indemnification from DuPont. It is undisputed that IDI was dissolved pursuant to Tax Law § 203-a on December 29, 1999, before plaintiff's husband was diagnosed with asbestos-related illnesses and thus before plaintiff commenced the underlying action.

We conclude that Supreme Court erred in granting DuPont's

cross motion seeking dismissal of the third-party complaint, and we therefore modify the order accordingly. In support of its cross motion, DuPont contended, inter alia, that IDI lacks the capacity to sue DuPont pursuant to Business Corporation Law § 1006 (b), inasmuch as the claim of IDI for indemnification did not arise prior to the dissolution of IDI. Although DuPont is correct that a claim for indemnification does not accrue until a judgment for damages has been entered (*see Bay Ridge Air Rights v State of New York*, 44 NY2d 49, 56 [1978]), here IDI's claim for indemnification is based upon the underlying claim of plaintiff for damages based upon her husband's exposure to asbestos, which occurred prior to the dissolution of IDI (*see generally Consorti v Owens-Corning Fiberglas Corp.*, 86 NY2d 449, 451-452 [1995], *cert granted and judgment vacated on other grounds* 518 US 1031 [1996]). We therefore conclude that IDI, as a defendant, may commence a third-party action against DuPont, which "may be liable to [IDI] for all or part of the plaintiff's claim against [it]" (CPLR 1007; *cf. Lorisa Capital Corp. v Gallo*, 119 AD2d 99, 109-111 [1986]). Finally, we note that the alternative ground for DuPont's cross motion also lacks merit. Present—Green, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.