THOMAS DE LUKE et al., Respondents-Appellants, v CITY OF ALBANY, Appellant-Respondent, GALLO CONSTRUCTION CORPORATION, Respondent-Appellant, and RAYBEN ENTERPRISES, INC., Respondent. [810 NYS2d 581]—

Kane, J. Cross appeals from an order of the Supreme Court (Ferradino, J.), entered March 1, 2005 in Albany County, which, inter alia, denied a motion by defendant City of Albany for summary judgment dismissing the complaint against it.

Defendant City of Albany entered into a contract with defendant Gallo Construction Corporation for Gallo to make various improvements to a city-owned building. Gallo subcontracted with defendant Rayben Enterprises, Inc. for flooring work, including the installation of rubber stair treads. After Rayben completed the flooring, a city inspector approved the work,

including the stair treads. The City did not contact Gallo or Rayben regarding any problems with the stair treads. Approximately 10 months later, a city maintenance worker noticed that a rubber tread on one of the stairs was loose. His supervisor instructed him to remove the tread "before someone falls." The maintenance worker reinstalled the stair tread approximately five days later.

In the meantime, while the stair tread was not present, plaintiff Thomas De Luke made a delivery to the building. As he was walking backwards up the stairs pulling a handcart loaded with cartons of paper, he slipped on the step that was missing the tread. As a result of his slip and fall, he and his wife, derivatively, commenced this action against defendants. All three defendants cross-claimed against each other and subsequently moved for summary judgment dismissing the complaint and all cross claims. Supreme Court granted Gallo's and Rayben's motions, but denied the City's motion. Plaintiffs, the City and Gallo cross-appeal.

Supreme Court properly denied the City's motion for summary judgment. A prima facie case of negligence may be established by proof that a defendant either created a dangerous or defective condition or had actual or constructive knowledge of such condition (see *Dapp v Larson*, 240 AD2d 918, 918 [1997]; *George v Ponderosa Steak House*, 221 AD2d 710, 711 [1995]). The City arguably created a dangerous or defective condition by removing the rubber tread from a stair without immediately replacing it or warning that it was missing, and the maintenance worker and his supervisor were aware that the tread was removed. Questions of fact exist regarding whether the missing anti-skid tread constituted a dangerous condition, whether the City was negligent in failing to warn people using the stairway of the missing tread and whether this dangerous condition or failure to warn proximately caused De Luke's accident. Thus, the City was not entitled to summary judgment.

Although improper installation of the stair treads could have constituted negligence by Rayben requiring it and Gallo to indemnify the City pursuant to their contracts, the City's actions in removing the rubber tread without immediately replacing it or warning that it was missing, if established, constituted a superceding cause of De Luke's accident (see *Haughton v T & J Elec. Corp.*, 309 AD2d 1007, 1009 [2003], *lv denied* 1 NY3d 508 [2004]). Hence, Supreme Court correctly dismissed the City's cross claims seeking indemnification (see General Obligations Law § 5-322.1 [1]; *Potter v M.A. Bongiovanni, Inc.*, 271 AD2d 918, 919 [2000]; *State of New York v Syracuse Rigging Co.*, 249 AD2d 758, 760 [1998]).

Crew III, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.