In re DELOREAN MOTOR COMPANY, a Michigan corporation, Debtor.

HONIGMAN, MILLER, SCHWARTZ & COHN; Sheldon S. Toll; and Robert B. Weiss, Appellants,

v.

Howard L. WEITZMAN, an individual, Appellee.

David W. ALLARD, Jr., Trustee of the Debtor Estate of the DeLorean Motor Company, Appellant,

v.

Howard L. WEITZMAN; Honigman, Miller, Schwartz & Cohn; Sheldon S. Toll; Robert B. Weiss; Lorenz, Alhadeff, Lundin & Oggel; Keith E. McWilliams; and Malcolm R. Schade, Appellees.

Malcolm R. SCHADE, Appellant,

v.

Howard L. WEITZMAN; David W. Allard, Jr.; Honigman, Miller, Schwartz & Cohn; Sheldon S. Toll; Robert B. Weiss; Keith E. McWilliams; and Lorenz, Alhadeff, Lundin & Oggel, Appellees.

BAP Nos. CC–92–1281–PVO, CC–92–1291–PVO and CC–92–1326–PVO. Bankruptcy No. LA 82–06031–KM. Adv. No. AD 82–06666.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 20, 1993.

Decided June 30, 1993.

Mason C. Brown, Los Angeles, CA, for Honigman, Miller et al.

Douglas M. Parker, New York City, for Malsolm R. Schade.

Andrea Sheridan Ordin, Los Angeles, CA, for David W. Allard, Trustee.

Todd Alberstone, Los Angeles, CA, for Howard L. Weitzman.

Before: PERRIS, VOLINN and OLLASON, Bankruptcy Judges.

## *OPINION*

PERRIS, Bankruptcy Judge:

The appellee, Howard Weitzman, filed a malicious prosecution action in state court against, *inter alia*, the debtor's Chapter 7 trustee, counsel for the trustee and the chairman of the debtor's creditors' committee. The trustee removed the action to the bankruptcy court. Weitzman dismissed the trustee and filed a motion requesting that the bankruptcy court abstain and remand the action to the state court. The bankruptcy court granted Weitzman's motion and denied counsel's motion to transfer the action to the Michigan bankruptcy court. We REVERSE in part, VACATE in part and REMAND for further proceedings consistent with this opinion.

## FACTS

In 1982, the debtor, DeLorean Motor Company (DMC") filed a Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Michigan. Thereafter, DMC converted its case to a case under Chapter 7 and the Michigan bankruptcy court appointed David W. Allard, Jr. ("the trustee"), the appellant in BAP No. CC–92–1291–PVO, as DMC's Chapter 7 trustee. The court appointed the law firm of Honigman, Miller, Schwartz and Cohn, and two partners in that firm, Sheldon S. Toll and Robert B. Weiss, to serve as general counsel to the trustee. The Honigman firm, Toll and Weiss (collectively, "the Honigman defendants") are the appellants in BAP No. CC–92–1281–PVO. The court also appointed Malcolm R. Schade, the appellant in BAP No. CC–92–1326–PVO, to the Chapter 7 Unsecured Creditors' Committee and Schade was elected chairman of that committee.

In 1984, the trustee filed a fraudulent conveyance action against John Z. DeLorean ("DeLorean") and Weitzman, alleging that DeLorean owed the estate several million dollars, was insolvent and had fraudulently transferred to his attorney Weitzman real property located in Pauma Valley, California ("the Pauma Valley action"). After a bench trial, the district judge ruled in favor of DeLorean and Weitzman. Before entry of judgment, the trustee and DeLorean settled their dispute.[1] Weitzman did not

---

1. DeLorean and the trustee entered a settlement that resolved all outstanding claims between DeLorean and the DMC estate, including the Pauma Valley claim and an abuse of process counterclaim asserted by DeLorean against the trustee. Subsequently, however, DeLorean brought an action asserting, *inter alia,* a mali- cious prosecution claim based on the Pauma Valley action against the Honigman defendants, Schade and others. The Michigan district court granted summary judgment against DeLorean on the malicious prosecution claim because the Pauma Valley action was not terminated in De- Lorean's favor. *See DeLorean v. Cork Gully,* 118

participate in the settlement and the district court entered a judgment in favor of Weitzman. The Ninth Circuit dismissed the trustee's appeal of the judgment in favor of Weitzman. *See Allard v. DeLorean,* 884 F.2d 464 (9th Cir.1989).

In January of 1991, Weitzman filed an action in California state court ("the Weitzman action") against the appellants and others asserting a cause of action for malicious prosecution based on the Pauma Valley action. The trustee removed the Weitzman action to the United States District Court which then referred it to the United States Bankruptcy Court for the Central District of California. The trustee and the Honigman defendants filed motions to change venue to the Eastern District of Michigan, where the liquidation of the DMC estate is still pending.

The trustee also filed, in the Michigan bankruptcy court, an adversary proceeding ("the injunction proceeding") seeking to enjoin further prosecution of the Weitzman action and to recover damages incurred as a result of having to defend against that action. On October 15, 1992, Weitzman voluntarily dismissed the trustee from the Weitzman action without prejudice. Subsequently, because of the trustee's dismissal from the Weitzman action, the Michigan bankruptcy court vacated a preliminary injunction granted to the trustee. The Michigan bankruptcy court also dismissed the injunction proceeding, reasoning that the Weitzman action was not against the Trustee, ˒ that the protections of 28 U.S.C. § 959(a) did not extend to Schade and the Honigman defendants and that Weitzman action did not affect the administration or assets of the estate. The United States District Court for the Eastern District of Michigan affirmed the bankruptcy court's decision. The trustee appealed to the Sixth Circuit.

Meanwhile, back in the Weitzman action, Weitzman filed a motion, on November 6, 1991, requesting that the California bankruptcy court abstain and remand the action to California state court. On January 23, 1992, three days before the hearing scheduled on Weitzman's motion, Schade filed a third party complaint for indemnification and/or contribution against the trustee.

On March 13, 1992, the California bankruptcy court entered an order remanding the Weitzman Action to the California state court under the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2) and alternatively under the discretionary abstention provisions of 28 U.S.C. § 1334(c)(1).² The court also denied the Honigman defendants' motion to change venue and ordered that Schade's third-party complaint would not be remanded but would be retained in the California bankruptcy court. The Honigman defendants, Allard and Schade (collectively "the appellants") filed these timely appeals.

Subsequently, the Sixth Circuit reversed the bankruptcy court's orders vacating the preliminary injunction and dismissing the injunction proceeding. *In re DeLorean Motor Co.,* 991 F.2d 1236 (6th Cir.1993). The Sixth Circuit held that the requirement that a party suing a trustee obtain leave of the bankruptcy court applies to suits against counsel for or representatives of the trustee, such counsel being the functional equivalent of a trustee where they act at the direction of the trustee for the purpose of administering the estate or protecting its assets.³ 991 F.2d at 1241.

## ISSUES

1. Whether the bankruptcy court committed reversible error in determining that

---

B.R. 932, 938–39 (E.D.Mich.1990). The bankruptcy court subsequently determined that the costs incurred by the Honigman defendants in defending that action were administrative expenses of the DMC estate.

2. In connection with its order, the California bankruptcy court issued findings of fact and conclusions of law. In the context of determining that no bankruptcy issues remain for deci-

sion, the findings and conclusions stated that the Honigman defendants cannot claim immunity from the action under 28 U.S.C. § 959(a) or the doctrine of derived judicial immunity.

3. The Sixth Circuit apparently applied the same reasoning to the claims against Schade as it included him in its list of parties designated as the trustee's representatives.

the action should be remanded to the California state court under the doctrines of mandatory and discretionary abstention.

2. Whether the bankruptcy court erroneously determined that the Honigman defendants and Schade were not protected from this action by 28 U.S.C. § 959(a).

3. Whether the bankruptcy court abused its discretion in denying the Honigman defendants' motion to transfer the proceeding to the Michigan bankruptcy court.

## STANDARD OF REVIEW

■■■■ The issue of mandatory abstention turns upon the jurisdiction question and the construction of pertinent statutes and is therefore a question of law subject to *de novo* review. The issues of discretionary abstention under section 1334(c)(1) and remand on an equitable basis are reviewed for an abuse of discretion. *See In re Eastport Associates*, 935 F.2d 1071, 1075 (9th Cir.1991); *Harrell v. 20th Century Insurance Co.*, 934 F.2d 203, 205 (9th Cir.1991). Similarly, a ruling on a motion to transfer a proceeding is reviewed for an abuse of discretion. *E.g., Allen v. Scribner*, 812 F.2d 426, *amended*, 828 F.2d 1445 (9th Cir.1987). The bankruptcy court determined the judicial immunity question as a matter of law in the context of this case and, therefore, *de novo* review of that issue is appropriate.

## DISCUSSION

1. *The Decision to Remand.*

28 U.S.C. § 1452(b) provides that a court to which a claim or cause of action is removed "may remand such claim or cause of action on any equitable ground." The bankruptcy court ordered remand on the basis of mandatory abstention under 28 U.S.C. § 1334(c)(2) and alternatively on the basis of discretionary abstention under 28 U.S.C. § 1334(c)(1). For the reasons set forth below, we reverse the bankruptcy court's decision.

28 U.S.C. § 1334(c)(2) requires a court to abstain from hearing a proceeding based upon a state law claim or cause of action that is related to a case under title 11 but does not arise under title 11 or arise in a case under title 11 and that could not have been commenced in federal court absent federal bankruptcy jurisdiction if the action is commenced and can be timely adjudicated in a state forum. With respect to mandatory abstention, the dispositive issue is whether this is a core proceeding (arises under title 11 or arises in a case under title 11), thereby rendering mandatory abstention inappropriate.

28 U.S.C. § 1334(c)(1) allows a court to abstain from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11 "in the interest of justice or in the interest of comity with State courts or respect for State law ..." The Ninth Circuit has provided courts several factors to consider in deciding whether to abstain under section 1334(c)(1):

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficult or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on] the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*In re Eastport Associates*, 935 F.2d at 1075–76 (quoting *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir.1990)). As in the case of the mandatory abstention question, the dispositive factors in this pro-

ceeding are those involving the relationship of this proceeding to the bankruptcy case, the affect of this proceeding on the bankruptcy estate and this proceeding's placement within the federal bankruptcy jurisdictional framework.

A proceeding is related to a bankruptcy case under section 1334(b) when the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. *In re Fietz,* 852 F.2d 455, 457 (9th Cir.1988). 28 U.S.C. § 157(b)(2) defines core matters to include matters affecting the administration of the estate, and other proceedings affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor relationship.[4] Section 157(b)(2)(A) and (O). That a proceeding may fall within one of these two broad categories of proceedings, however is not dispositive because a court's construction of these provisions must be tempered by the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). *See In re Castlerock Properties,* 781 F.2d 159, 161–62 (9th Cir.1986). Under this analysis, a proceeding will not be considered a core matter, even if it falls within the literal language of sections 157(b)(2)(A) or 157(b)(2)(O), if it is a state law claim that could exist outside of bankruptcy and is not inextricably bound to the claims allowance process or a right created by the Bankruptcy Code. *See Eastport Associates,* 935 F.2d at 1076–77; *Castlerock Properties,* 781 F.2d at 161; *see generally Marathon, supra; Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

Applying these standards in this case, the Sixth Circuit determined in the injunction proceeding that the Honigman defendants and Schade are the functional equivalent of a bankruptcy trustee with respect to their actions in the Pauma Val-

ley proceeding and a suit against the Honigman defendants and Schade is essentially a suit against the trustee which interferes with administration of the bankruptcy estate. 991 F.2d at 1241, 1243. Under this decision, the Weitzman action will certainly have an effect on the DMC bankruptcy estate. The action arises from the efforts of officers of the estate to administer the estate and collect its assets and therefore impacts the handling and administration of the estate. Although the Weitzman action asserts a state law claim, as the functional equivalent of an action against the trustee, it is inextricably tied to the determination of an administrative claim against the estate and is similarly tied to questions concerning the proper administration of the estate. For these reasons, we determine that Weitzman's action against Schade and the Honigman defendants is within the scope of 28 U.S.C. § 1334(b) and a core proceeding within the scope of 28 U.S.C. § 157(b).

Given this conclusion, it follows that mandatory abstention is not appropriate. The factors favoring discretionary abstention upon which the bankruptcy court based its determination (the proceeding was not core, was not closely related to the bankruptcy case and had no effect on the efficient administration of the estate) were erroneous in light of the Sixth Circuit's subsequent decision in the injunction proceeding. It follows that the bankruptcy court's decision to remand on the basis of discretionary abstention must be reversed.

### 2. *Section 959(a) and Judicial Immunity.*

In the course of determining the motion to remand, the bankruptcy court purported to make a binding determination[5] that Weitzman's claims against the trustee's attorneys are not precluded by the doctrine of derived judicial immunity and that

---

**4.** The non-exclusive list of core matters set forth in 28 U.S.C. § 157(b)(2) also includes several more narrowly defined categories of proceedings, such as proceedings regarding the allowance or disallowance of claims against the estate. *See* § 157(b)(2)(B).

**5.** In its oral ruling, the bankruptcy court explicitly stated that its ruling on the immunity issue was entitled to *res judicata* and collateral estoppel effect and is binding in the state court action.

Weitzman was not required to obtain leave of the Michigan bankruptcy court pursuant to 28 U.S.C. § 959(a) to pursue his claims against the attorneys.[6] In making this ruling, the bankruptcy court relied on the decision of the Michigan bankruptcy court that Weitzman did not require leave of the bankruptcy court to pursue his claims against the Honigman defendants. Because the Sixth Circuit reversed the decision of the Michigan bankruptcy court and because the decision below is contrary to the Sixth Circuit's decision, which is binding on the parties, we reverse the bankruptcy court's determination of this issue.

### 3. *The Motion to Transfer Venue.*

The bankruptcy court determined that certain factors weighed against the transfer of this proceeding to the Eastern District of Michigan: (1) the plaintiff's choice of forum was California; (2) California law is applicable; (3) several parties are located in California; and (4) the proceeding is not closely connected to the bankruptcy case. Although the bankruptcy court correctly determined that the first three factors favored retention of the case in California, as discussed above, the bankruptcy court's determination of the relationship of the proceeding to the Michigan bankruptcy case was in error in light of the Sixth Circuit's subsequent decision. In addition, although the injunction proceeding was not pending before the Michigan bankruptcy court at the time of the decision below, because of the Sixth Circuit's decision, the closely related injunction proceeding is once more before the Michigan bankruptcy court. The interests of justice, convenience to the parties and efficient and economic administration of the estate are different now. In light of these developments and our decision reversing the bankruptcy court's remand decision, we vacate the bankruptcy court's order denying a transfer and remand for a redetermination of the motion in light of the subsequent developments.

**6.** Neither the bankruptcy court's oral ruling, its findings and conclusions or its order makes any determination as to the immunity of Schade

### CONCLUSION

For the reasons set forth above, we REVERSE the bankruptcy court's order granting Weitzman's motion to abstain and remand and the bankruptcy court's determination that the Honigman defendants are not protected by 28 U.S.C. § 959(a) and the doctrine of derived judicial immunity. We VACATE the bankruptcy court's order denying the appellant's motion to transfer this proceeding and REMAND for a redetermination of that motion.

under either of these two doctrines. The immunity of Schade, therefore, is not within the scope of this appeal.