In re **DIVERSIFIED CONTRACT SERVICES, INC.,** Debtor.

Carolyn **LORENCE,** Plaintiff,

v.

**DOES 1 THROUGH 50; Frank T. Pepler; Steefel, Levitt & Weiss, a Professional corporation, Defendant.**

Bankruptcy No. 4–89–02969 N3.
Adv. No. 93 4479 AT.

United States Bankruptcy Court,
N.D. California.

May 11, 1994.

592

Steven B. Piser, Oakland, CA.

Irving J. Kornfield, Kornfield, Paul & Bupp, Oakland, CA.

Marc Lackner, Steefel, Levitt & Weiss, San Francisco, CA.

Margaret A. Zywicz, San Francisco, CA.

## MEMORANDUM OF DECISION

LESLIE TCHAIKOVSKY, Bankruptcy Judge.

Plaintiff Carolyn Lorence ("Lorence") moves for abstention and remand of the above-captioned adversary proceeding to the state court where it was filed. She also moves for sanctions against defendants pursuant to rule 9011 of the Federal Rules of Bankruptcy Procedure for improper removal. For the reasons stated below, Lorence's motions are denied.

### BACKGROUND

On April 3, 1990, Lorence was appointed as a chapter 11 trustee in the above-captioned bankruptcy case. On May 21, 1990, the bankruptcy court approved Lorence's application to employ Frank T. Pepler ("Pepler") and the law firm of Steefel, Levitt & Weiss (collectively referred to as "defendants") her bankruptcy counsel. On August 25, 1992, defendants advised Lorence that they intended to move to withdraw as her counsel and would file a noticed motion to that effect. On August 26, 1992, defendants advised Lorence that on that day they would seek an order shortening time for hearing on their motion to withdraw.

Later that same day, Pepler appeared before the Honorable Randall Newsome, the judge assigned to the bankruptcy case, *in camera*. Lorence was not present. A representative from the Office of the United States Trustee (the "UST") was present.

The hearing was recorded, and a tape of the hearing was placed under seal.

At the hearing, Pepler informed Judge Newsome that he had received information from an anonymous source that Lorence was committing acts which appeared unethical and possibly criminal in connection with the estates for which she was serving as trustee. Pepler represented that he had been informed that Lorence was: (1) billing the estate for alleged business expenses that were in fact personal, (2) diverting assets of one estate to pay the expenses of another, and (3) attempting to negotiate a position for herself as a consultant as a condition of the sale of the debtor's assets.

At the conclusion of the hearing, *sua sponte*, Judge Newsome ordered that Lorence be removed as trustee for the above-captioned estate. He also ordered that she be removed from the two other cases in which she had been appointed as trustee. Lorence did not appeal the orders removing her as trustee from the three bankruptcy cases. However, on August 26, 1993, one year later, Lorence filed a complaint (the "Complaint") in state court seeking damages against defendants.

The Complaint alleges the following nine causes of action: (1) professional negligence, (2) breach of fiduciary duty, (3) slander per se, (4) slander by innuendo, (5) fraud, (6) interference with contractual relations, (7) interference with prospective economic advantage, (8) intentional infliction of emotional distress, and (9) abuse of process. On September 30, 1993, defendants removed the state court action to the Oakland bankruptcy court as a case connected to the above-captioned bankruptcy case. Plaintiff's motions to abstain and remand and for sanctions under rule 9011 of the Federal Rules of Bankruptcy Procedure were heard on March 17, 1994.

### DISCUSSION

**I. MOTION FOR REMAND OR ABSTENTION**

Lorence advances three legal theories in support of her motion for abstention and remand. First, she contends that removal

was improper in that this Court has no jurisdiction over the adversary proceeding. Second, she contends that, even if this Court does have jurisdiction, it is required to abstain from hearing under 28 U.S.C. § 1334(c)(2) (mandatory abstention). Third, she contends that, even if this Court is not required to abstain, it should exercise its discretion to abstain under 28 U.S.C. § 1334(c)(1) (permissive abstention) and should remand it to state court pursuant to 28 U.S.C. § 1452(b). Because the Court concludes that it has jurisdiction over this proceeding and the proceeding is core, it need not address the second of these arguments.[1]

(a) *No Jurisdiction.*

■ This Court's jurisdiction is governed by sections 1334 and 157 of title 28 of the United States Code. Section 1334(a) gives the district court exclusive jurisdiction over bankruptcy cases. Section 1334(b) gives the district court nonexclusive jurisdiction over three categories of proceedings: (1) those arising under title 11, (2) those arising in a case under title 11, and (3) those related to a case under title 11. The district court is permitted to "refer" this jurisdiction to the bankruptcy court, retaining the right to withdraw that reference at any time. 28 U.S.C. § 157(a), (d). The United States District Court for the Northern District of California has referred virtually all of its bankruptcy jurisdiction to the United States Bankruptcy Court of the Northern District of California. L.R. 700, U.S.D.C., N.D.Cal.

The procedure to be followed by a bankruptcy court in exercising its "referred" jurisdiction in a bankruptcy proceeding differs depending on whether the proceeding is core or noncore. 28 U.S.C. § 157(b)(1), (c)(1). The bankruptcy court is permitted to enter final orders and judgments only in core proceedings. Absent consent, the bankruptcy court may only propose findings, conclusions, orders, and judgments in noncore proceedings. However, the bankruptcy court has

jurisdiction over both core and noncore proceedings. Both proceedings arising under title 11 and proceedings arising in a case under title 11 are core proceedings. Section 157(b)(2) contains a nonexhaustive list of the types of core proceedings. Proceedings only related to a case under title 11 are noncore. 28 U.S.C. § 157(c).

Lorence relies principally on *In re Eastport Associates,* 935 F.2d 1071 (9th Cir.1991) for her contention that this Court has no jurisdiction over this proceeding. In *Eastport Associates,* a debtor-developer sought declaratory relief against a city for a determination that state law entitled it to an extension of time for final approval of a subdivision proposal. The city filed a motion for abstention. The bankruptcy court denied the motion, and the district court affirmed. Both courts based their decision on the conclusion that the proceeding was core. The court of appeals affirmed the denial of the abstention motion but rejected the lower courts' characterization of the proceeding as core. *In re Eastport Associates,* 935 F.2d at 1076.

■ The *Eastport Associates* court concluded that the declaratory relief proceeding was neither one arising under title 11 nor one arising in a case under title 11. It based this conclusion on the definition of those two types of proceedings contained in *In re Wood,* 825 F.2d 90, 96–97 (5th Cir.1987). The *Wood* court defined a proceeding arising under title 11 as one involving "a cause of action created or determined by a statutory provision of title 11." *Id.,* at 96. It defined a proceeding arising in a case under title 11 as one involving administrative matters that "arise *only* in bankruptcy cases.... that are not based on any right created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.,* at 97 (emphasis in original).

The *Eastport Associates* court observed that the declaratory relief action clearly did

---

1. Lorence has also argued that the Court is required to abstain from hearing this proceeding under 28 U.S.C. § 1334(c)(2). Section 1334(c)(2) requires a bankruptcy court to abstain from hearing a proceeding related to a case under title 11 provided certain criteria are met. This subsection expressly excludes from its application a proceeding arising in a case under title 11. Since the Court has concluded that this proceeding is a proceeding arising in a case under title 11, this argument must fail.

not involve any cause of action created or determined by title 11. Additionally, it concluded that the proceeding clearly involved a dispute that could arise outside a bankruptcy case. The action involved only state law. The fact that the plaintiff developer was a debtor in a bankruptcy case was irrelevant to the merits of its claim. As a consequence, the court concluded that the proceeding was not core. *In re Eastport Associates*, 935 F.2d at 1076–77.

Lorence contends that this proceeding likewise does not arise either under title 11 or in a case under title 11. She notes that none of the nine causes of action is based on a bankruptcy statute. Moreover, she contends, the causes of action could arise outside a bankruptcy case. The Court disagrees with this latter contention.

Lorence was appointed as trustee for a chapter 11 estate. Defendants were appointed as her bankruptcy counsel. Lorence bases her state law claims on the contention that defendants' communications to the bankruptcy judge assigned to the bankruptcy case violated their obligations to her under state tort law. However, their obligations to her arose in connection with a bankruptcy case. Furthermore, their alleged breach of those obligations was committed at and in connection with a hearing before the bankruptcy court. It is ludicrous to contend that such claims could arise outside a bankruptcy case.

Lorence also contends that the proceeding should not be considered one arising in a case under title 11 because the causes of action asserted in the Complaint are based on state law, not bankruptcy law. However, this argument confuses the requirements for a proceeding arising under title 11 with those for a proceeding arising in a case under title 11. If a proceeding arising in a case under title 11 were required to be based on bankruptcy law, there would be no need for such a category. The proceeding would qualify as core as a proceeding arising under title 11. *See also In re Mankin*, 823 F.2d 1296, 1300 (9th Cir.1987) (the fact that a proceeding is based on state law may not "standing alone, ... serve as the basis for distinguishing core from non-core proceedings").

Defendants contend that, if the Court finds that the proceeding is not core, then the Court should at least find that it is a proceeding related to a case under title 11. A proceeding is related to a case under title 11 if its outcome could conceivably affect the case. *In re Fietz*, 852 F.2d 455, 457 (9th Cir.1988). A proceeding may not be both a proceeding arising in a case under title 11 and a proceeding related to a case under title 11. As noted above, the former is a core proceeding; the latter is noncore. A bankruptcy court must follow different procedures in determining the proceeding depending on the category within which the proceeding fits. Since the Court has concluded that this proceeding is one arising in a case under title 11, this proceeding may not also qualify as one related to a case under title 11.

*In re Castlerock Properties*, 781 F.2d 159 (9th Cir.1986), cited by Lorence, does not compel a different result. In *In re Castlerock Properties*, the debtor contended, *inter alia*, that a state law contract action against a creditor was a core proceeding under section 157(b)(2)(A) (matters affecting the administration of the estate) or section 157(b)(2)(O) (other proceedings affecting ... the adjustment or the debtor-creditor ... relationship). The *Castlerock* court referred to these categories of core proceedings as "catch-all provisions." It noted that the jurisdictional scheme of which section 157 was part had been enacted to address constitutional problems identified in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The court cautioned against construing these "catch-all" provisions so broadly that those same constitutional problems were rekindled. *In re Castlerock Properties*, 781 F.2d at 162.

However, the *Castlerock* court did not hold that sections 157(b)(2)(A) and (O) could never be constitutionally invoked. The Court concludes that this proceeding is properly characterized as a proceeding concerning the administration of the estate. 28 U.S.C. § 157(b)(2)(A). The claims alleged in the Complaint concern conduct integrally related to the administration of the chapter 11 case. They bear no relationship to the state law

claims involved in either *Marathon* or *Castlerock*.

This conclusion is supported by *In re Balboa Improvements, Ltd.,* 99 B.R. 966 (9th Cir.BAP1989). In *Balboa,* the bankruptcy appellate panel reversed a bankruptcy court's dismissal for lack of subject matter jurisdiction of an action for damages based on state law claims by a broker whose employment had not been approved by the bankruptcy court against the debtor's counsel. The panel concluded that the proceeding could result in a determination of whether the estate had been improperly administered or whether the plaintiff was entitled to professional fees or commissions. Such claims were clearly core under either 28 U.S.C. § 157(b)(2)(A) or (O). It further concluded that the bankruptcy court would have jurisdiction over any related claims, either as related proceedings under 28 U.S.C. § 1334(c)(2) or under the doctrine of pendent jurisdiction. *In re Balboa Improvements, Ltd.,* 99 B.R. at 969–70. *See also In re Jacksen,* 105 B.R. 542, 544 (9th Cir.BAP1989) (action to enjoin creditors who had obtained state court judgment obtained against trustee in his representative capacity from enforcing judgment against trustee personally was core proceeding under 28 U.S.C. § 157(b)(2)(A)); *In re SPI Communications & Marketing, Inc.,* 112 B.R. 507, 510–11 (Bankr.N.D.N.Y.1990) (chapter 7 trustee's legal malpractice action against debtor's bankruptcy attorney prior to conversion from chapter 11 was core proceeding).

(b) *Permissive Abstention and Discretionary Remand.*

■ Lorence contends that, even if this Court determines that it has jurisdiction to hear this proceeding, it should abstain from hearing and remand it to state court as an equitable matter under 28 U.S.C. § 1334(c)(1) and § 1452(b). Section 1334(c)(1) provides as follows:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Section 1452(b) provides, in pertinent part, as follows:

The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. . . .

Both statutes direct the Court to consider the same equitable factors, and the parties have addressed these two issues as one. Technically, only the remand statute appears appropriate when a proceeding has been removed. However, cases decided under the abstention statute are persuasive authority for determining whether a removed action should be remanded.

Lorence contends that the Court should exercise its discretion to abstain from hearing this proceeding and should remand it to state court because the causes of action are based solely on state law and because she has made a timely jury demand. She contends that there are serious questions as to whether this Court could constitutionally conduct a jury trial in this proceeding.[2]

■ The Ninth Circuit has cited with approval, to be considered in determining whether to abstain as a discretionary matter, those factors set forth in *In re Republic Reader's Service, Inc.,* 81 B.R. 422, 429 (Bankr.S.D.Tex.1987) as follows:

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibil-

---

**2.** Defendants express skepticism about Lorence's right to a jury trial on the claims alleged in the Complaint. However, they do not attempt to explain the basis for their skepticism. Thus, for the purpose of this motion, the Court will assume that Lorence does have a right to a jury trial.

ity of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

*In re Tucson Estates, Inc.,* 912 F.2d at 1167.[3]

Defendants contend that the factors enumerated in *In re Tuscon Estates, Inc.,* 912 F.2d 1162, 1167 (9th Cir.1990) weigh heavily in favor of retention. *See also In re DeLorean Motor Co.,* 155 B.R. 521, 524–25 (9th Cir.BAP1993). They disagree with Lorence's contention that state law issues predominate. They also note that the prevailing authority in this district holds that a bankruptcy judge may conduct a jury trial in a core proceeding. *In re Interbank Mortg. Corp.,* 128 B.R. 269, 271–73 (N.D.Cal.1991); *In re Gaildeen Industries, Inc.,* 59 B.R. 402, 405–07 (N.D.Cal.1986). Alternatively, they note that this Court could at least administer the proceeding until the time of trial. At that time, if necessary, the proceeding could be transferred to the district court.

Defendants also cite *In re DeLorean Motor Co.,* 155 B.R. 521 (9th Cir.BAP1993) and *In re SPI Communications & Marketing, Inc.,* 112 B.R. 507 (Bankr.N.D.N.Y.1990) in support of their position. *DeLorean Motor* is distinguishable. In that case, the bankruptcy appellate panel reversed a bankruptcy court order abstaining from hearing a malicious prosecution action brought against the trustee's bankruptcy counsel by the defendant in an unsuccessful fraudulent transfer action. However, the panel based its reversal in large part on the fact that the suit against the attorney, if successful, would be the equivalent of a suit against the trustee and would establish a claim against the es-

tate. *In re DeLorean Motor Co.,* 155 B.R. at 525. Additionally, neither party had apparently made a jury demand.

*SPI Communications & Marketing,* on the other hand, is precisely on point. In that case, a chapter 7 trustee had filed a legal malpractice action in bankruptcy court against an attorney who had represented the debtor in the case prior to its conversion from chapter 11. The attorney made a jury demand and asked that the bankruptcy court abstain. After determining that the claim was a core proceeding, the court denied the motion to abstain on equitable grounds under 28 U.S.C. § 1334(c)(1). The court noted that:

.... resolution of the dispute will involve consideration of both substantive and procedural bankruptcy law. It defies logic that a court less acquainted with bankruptcy law will better address issues of alleged malpractice in a bankruptcy context than a bankruptcy court.

*In re SPI Communications & Marketing,* 112 B.R. at 512. The *SPI Communications & Marketing* court did not consider the defendant's jury demand sufficient cause for abstention. It noted that the proceeding was a core proceeding and that, under the controlling authority in that Circuit, the bankruptcy court could conduct a jury trial in a core proceeding. *Id.,* at 512. *See In re Ben Cooper, Inc.,* 896 F.2d 1394 (2d Cir.1990).

The Court agrees that a bankruptcy court is best positioned to determine claims based on an alleged breach of duty by an attorney appointed by the bankruptcy court to represent a bankruptcy trustee. While state law may be implicated, it certainly does not predominate. In the event of a conflict between federal law and state law concerning defendants' obligations, federal law would control. Moreover, Lorence does not contend that the state tort law upon which she bases her claims is unsettled or complex.

---

3. In *Tucson Estates,* the bankruptcy court had denied a motion for relief from the automatic stay filed by plaintiffs in a class action lawsuit that had been pending in state court for six years. The debtor's bankruptcy case was filed after the debtor lost an important summary judgment motion. The court of appeals reversed the district court's affirmance of that denial based, in part, on the finding that the bankruptcy court had erred in characterizing the proceeding as core and in assuming that it would be able to redetermine the summary judgment motion. *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1168–69 (9th Cir.1990).

On the other hand, the bankruptcy law issues do appear difficult and important. Presumably, there will be few such conflicts such as that presented here: i.e., between a bankruptcy counsel's ethical duty to his trustee client and his ethical duty to the Court or the estate. However, the same principles that apply to such a conflict apply equally to counsel representing a debtor-in-possession. The Court is aware that many counsel for debtors-in-possession are uncertain how such conflicts should be resolved. Yet, their proper resolution is critical to the proper operation of chapter 11 of the Bankruptcy Code which relies on the debtor to act as a trustee with respect to its creditors.

■ The fact that Lorence has requested and appears to be entitled to a jury trial does weigh in favor of remand. While, as noted above, this Court may conduct a jury trial, the undersigned judge has never conducted such a trial to date. The Court's docket will have to be rearranged if the trial is to be of any length. In any event, special arrangements will be required to arrange for a jury panel. The Court has a heavy docket, and there will be some inconvenience occasioned by this extra administrative work. However, this factor is easily outweighed by the difficulty and unsettled nature of the bankruptcy law issues and their importance to the integrity of the bankruptcy system. On balance, the Court concludes that it should retain the proceeding in the interests of justice.[4]

## II. MOTION FOR SANCTIONS FOR IMPROPER REMOVAL

Lorence seeks sanctions against defendants pursuant to rule 9011 of the Federal Rules of Bankruptcy Procedure for what she contends was the improper removal of this proceeding from state court to this Court. In particular, she focuses on the following representations in the Notice of Removal: that the bankruptcy court has jurisdiction over the proceeding, that it arises under title 11 and is related to a bankruptcy case, that it

concerns matters affecting the administration of the bankruptcy estate, and that certain of the claims alleged in the Complaint may belong to the estate rather than to Lorence.

Rule 9011 provides, in pertinent part, as follows:

... The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal or existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case.... If a document is signed in violation of this rule, the court ... shall impose on the person who signed it, the represented party, or both, an appropriate sanction....

Lorence contends that the Notice of Removal was filed in violation of rule 9011 and that defendants should be sanctioned. She contends that the law is clear that this Court has no jurisdiction over the proceeding and that the proceeding is not a core proceeding. Having concluded to the contrary on both counts, the Court must necessarily deny Lorence's motion.

The only representations in the Notice of Removal with which the Court disagrees is that the proceeding is one arising under title 11 or is related to a case under title 11. However, the Court does not find the law sufficiently clear even on this point to render defendants liable for sanctions under rule 9011.

## CONCLUSION

Lorence's motion for abstention and remand and her motion for sanctions under rule 9011 of the Federal Rules of Bankruptcy

---

4. Although Lorence does not assert these factors in support of her motion, the Court finds that the following factors also support remand: (1) the proceeding will not affect the efficient administration of the bankruptcy case, (5) there does not appear to be any independent basis for jurisdiction, and (10) removal might fairly be characterized as "forum shopping" except to the extent that has a negative implication. All of the other factors not specifically addressed in the text of this decision appear either neutral or to favor retention.

Procedure are both denied. This Court has jurisdiction over this adversary proceeding as a proceeding arising in a case under title 11. Thus, this proceeding is a core proceeding to which mandatory abstention does not apply. 28 U.S.C. § 1334(c)(2). While Lorence's jury demand weighs in favor of abstention and remand, it does not require it. Controlling authority in this district permits this Court to conduct a jury trial in a core proceeding. The Court believes that the equities and the interests of justice favor retention of the proceeding in the bankruptcy court because of the difficult and important issues of bankruptcy law presented. Given the Court's conclusion that the proceeding was not wrongfully removed, sanctions under rule 9011 are clearly unwarranted. Counsel for defendants are directed to submit a proposed form of order in accordance with this decision.