In the Matter of Michael C. MURPHY and Marcia A. Murphy, Debtors.

H.S. STANLEY, Jr., Trustee and M.C. Murphy & Co., Inc., Plaintiffs,

v.

FIRST NATIONAL BANK OF SPARTA; Jerald Bartel; John F. Clendenin; William C. Norton; Alan R. Farris; Conn, Clendenin, Norton & Farris; and Ann C. Conn, Representative of the Estate of McMeekin Conn, Defendants.

Bankruptcy No. 91–10280SEG.
Adversary No. 93–1033SEG.

United States Bankruptcy Court,
S.D. Mississippi,
Southern Division.

Oct. 23, 1997.

Kenneth R. Flottman, Gulfport, MS, for H.S. Stanley, Jr., Trustee and M.C. Murphy & Co., Inc.

Robert A. Byrd, Biloxi, MS, for H.S. Stanley, Jr., Trustee.

Nick B. Roberts, Jr., Gulfport, MS, for First National Bank of Sparta and Jerald Bartell.

W.O. Luckett, Jr., Clarksdale, MS, for John F. Clendenin, William C. Norton, Alan R. Farris, Conn, Clendenin, Norton & Farris, Ann C. Conn, Rep. of the Estate of McMeekin Conn.

Robert C. Galloway, Gulfport, MS, for Carr, Korein, Tillery, Kunin, Montroy, Cates & Glass, Third–Party Defendant.

## MEMORANDUM OPINION

JERRY A. BROWN, Bankruptcy Judge.

This matter comes before the Court on the motion of third party defendant, Carr, Ko-

rein, Tillery, Kunin, Montroy, Cates and Glass ("the Carr, Korein firm") to dismiss third party complaint of First National Bank of Sparta ("the Bank") for lack of subject matter jurisdiction. (Pl.233). The court finds that there is bankruptcy jurisdiction and therefore, denies the motion to dismiss for the following reasons.

## FACTUAL BACKGROUND

It is unnecessary to relate the entire history of this complicated adversary proceeding that commenced in December 1993. The motion to dismiss at issue arises out of a pleading entitled "Separate Answer, Defenses, Affirmative Responses, Cross-Claim, and Third-Party Claim of First National Bank of Sparta to Third Amended Complaint" filed on February 21, 1997 (the "third-party complaint"). (Pl.212). The third-party complaint alleges legal malpractice, fraud, intentional misrepresentation, and breach of fiduciary duty on the part of the Carr, Korein firm (Pl. 212 at 38–44), and asserts that the court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 157 and 1334. (Pl. 212 at 38).

## ANALYSIS

Section 157 of Title 28 provides in pertinent part:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157.

Section 1334 of Title 28 provides in pertinent part:

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334.

The seminal Fifth Circuit decision analyzing Section 1334 is *In re Wood*, 825 F.2d 90 (5th Cir.1987). As pointed out by Judge Wisdom in that case, Section 1334 lists four types of matters over which the district court has bankruptcy jurisdiction: (1) cases under title 11; (2) proceedings "arising under" title 11; (3) proceedings "arising in" a case under title 11; and (4) proceedings "related to" a case under title 11. *In re Wood*, 825 F.2d at 92.

The Bank claims jurisdiction in this case under the third and fourth categories, i.e. "arising in" a case under title 11, and "related to" a case under title 11. Because *In re Wood*, 825 F.2d at 93, held that "... it is necessary only to determine whether a matter is at least 'related to' the bankruptcy", the court will deal with these categories in reverse order.

### A.   "Related to" jurisdiction.

■ The Carr, Korein firm argues that the third-party complaint is not a core proceeding arising under Title 11 or arising in a case under Title 11, nor does it relate to legitimate bankruptcy claims in this adversary proceeding. The firm submits that the issue of jurisdiction over the Bank's third-party complaint is controlled by *In re Walker*, 51 F.3d 562 (5th Cir.1995).

The Bank argues that its third-party complaint against the Carr, Korein firm is related to the main case because the Bank, which filed a proof of claim for $52,245.84, is the largest creditor in the main case involving the Murphys. The Bank argues, without much in the way of an explanation, that if it succeeds in its third-party claim against its former attorneys, the Carr, Korein firm, then the Bank will have to withdraw or reduce its proof of claim in the main case by any amount that it recovers from the law firm. The Bank relies on *In re Wood,* 825 F.2d 90 (5th Cir.1987); *Celotex Corp. v. Edwards,* 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995); and *In re Walker,* 51 F.3d 562 (5th Cir.1995).

The case of *In re Wood* adopted the definition of "related to" used by the Third Circuit in *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984), as follows:

> ... 'whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy.' [emphasis in original].

*In re Wood,* 825 F.2d at 93. Applying that test to the facts before it, the *Wood* court held that an adversary complaint by a fellow stockholder in a medical clinic against the debtor and another doctor for wrongfully issuing additional stock to the debtor could have a conceivable effect on the debtor's bankruptcy case. The court concluded that the complaint against the other doctor was related to the debtor's bankruptcy and thus its joinder "is jurisdictionally supported." *In re Wood,* 825 F.2d at 94. The Fifth Circuit went on to analyze the placement of that jurisdiction under Section 157. Pointing out that Section 157 equates core proceedings with the "rising under" and "arising in" proceedings provided for in Section 1334, *Wood* concluded that the adversary complaint against the third-party was based on state law, did not invoke a substantive right provided by title 11 ("arising under"), and was not a proceeding that by its nature, could arise only in the context of a bankruptcy. Thus it was not a core proceeding under Section 157.

In the case of *Celotex Corp. v. Edwards,* the Supreme Court stated that it agreed with the views of *Pacor, Inc. v. Higgins,* 743 F.2d at 994, that:

> Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate, and that the "related to" language of Section 1334(b) must be read to give district courts (and bankruptcy courts under Section 157(a)) jurisdiction over more than simple proceedings involving the property of the debtor or the estate. [internal quotations and citations omitted].

*Celotex Corp. v. Edwards,* 514 U.S. 300, 308, 115 S.Ct. 1493, 1499, 131 L.Ed.2d 403 (1995). Thus, *Celotex* supports the Bank's position.

The Bank's reliance on *Walker* for "related to" jurisdiction, however, is misplaced. In *Walker,* the Fifth Circuit noted that the vast majority of cases had found that "related to" jurisdiction was lacking in connection with third-party complaints, and that it was lacking in the case before it. *In re Walker,* 51 F.3d at 569. In *Walker,* the debtor had brought an adversary proceeding against a creditor, the Cadle Company, for violation of the automatic stay. By third-party complaint, the Cadle Company sought indemnification from its illegal acts from Stan Svara, a co-actor in the removal of property from the trailer that constituted the violation of the stay. The Fifth Circuit concluded:

> In the instant case, Cadle's claim against Svara has no "conceivable effect on the administration of the estate" nor would the outcome of that claim "alter the debtor's rights, liabilities, options, or freedom of action." Cadle's third-party action against Svara claimed that Svara, and not Cadle, was responsible for any damage to Walker's property. It is difficult to imagine that whether Svara should be required to reimburse Cadle for any money Cadle pays to Walker could somehow affect the estate.

*In re Walker,* 51 F.3d at 569.

The potential liability of the Carr, Korein firm to the Bank has no more conceivable effect on the. Murphy's estate or the Murphy main bankruptcy case than the claim of Cadle against Svara in *Walker.* Neither can the outcome of the Bank's third-party demand alter the debtor's rights, liabilities, options, or freedom of action. Despite 'the broad reach of "related to" jurisdiction as enunciated in *Wood* and *Celotex,* the disposition of the Bank's claim of "related to" jurisdiction over the Carr, Korein firm is governed by *Walker* which dictates a holding that there is no "related to" subject matter jurisdiction. · ·

### B. *"Arising in" jurisdiction*

■ The Bank argues that most of its third-party claim arose solely in connection with the bankruptcy of the Murphys. It claims that the Carr, Korein firm committed legal malpractice, fraud, intentional misrepresentation, and breach of its fiduciary duty based on the advice given to the Bank in the bankruptcy case in connection with the filing of a proof of claim, an alleged violation of the automatic stay, and a turnover petition. The Bank relies primarily on *In re Billing,* 150 B.R. 563 (D.N.J.1993), *reversed on other grounds, Billing v. Ravin, Greenberg & Zackin, P.A.,* 22 F.3d 1242 (3rd Cir.1994); *In re Diversified Contract Services, Inc.,* 167 B.R. 591 (Bankr.N.D.Cal.1994); and *In re Simmons,* 205 B.R. 834 (Bankr.W.D.Tex.1997), and on distinguishing the language in *Wood* that arising in jurisdiction was limited to matters that "could arise only in bankruptcy."

The case of *In re Billing,* 150 B.R. 563 (D.N.J.1993), involved closely analogous facts to the claim of the Bank in this case. In *Billing,* an adversary proceeding was brought in district court by the Chapter 11 debtors against the bankruptcy counsel for legal malpractice, misrepresentation, breach of fiduciary duty, and breach of contract arising out of the law firm's allegedly substandard representation of the debtors in the Chapter 11 case. The defendant law firm moved, alternatively, for dismissal, abstention, referral to the bankruptcy court, or for

a stay until the bankruptcy court could act on a fee dispute in the Chapter 11 case. The district court in *Billing* simply assumed that it had bankruptcy jurisdiction and went immediately to the question of whether the action was core or noncore. The court concluded that the action was core, stating:

> Under any or all of the tests which the court might apply to determine if this action is a core or non-core proceeding and, more importantly, as dictated by common sense, it is evident that plaintiffs' claims constitute core proceedings.

*In re Billing,* 150 B.R. at 566, *reversed on other grounds, Billing v. Ravin, Greenberg & Zackin, P.A.,* 22 F.3d 1242 (3rd Cir.1994).

In the case of *In re Diversified Contract Services,* 167 B.R. 591 (Bankr.N.D.Cal.1994), a former Chapter 11 trustee brought an action in state court against the law firm that had represented her for the law firm's alleged negligence, breach of fiduciary duty, slander, fraud, tortious interference, intentional infliction of emotional distress, and abuse of process in representing to a bankruptcy judge that she had engaged in improper and/or illegal actions in the bankruptcy case. The defendants removed the case to the bankruptcy court. In a motion for abstention and remand, the trustee argued that the bankruptcy court had no jurisdiction because the proceeding did not arise either under title 11 or in a case under title 11, and that the causes of action could arise outside a bankruptcy case. The bankruptcy court dismissed summarily the trustee's argument, pointing out that she was appointed a trustee for a Chapter 11 estate, the defendants were appointed as her bankruptcy counsel, the obligation arose in connection with the bankruptcy case, and the breach of that obligation was committed in a hearing before the bankruptcy judge. Thus, the bankruptcy judge in *Diversified* concluded quite easily that the proceeding was one arising in a case in bankruptcy, and thus a core proceeding over which the bankruptcy judge retained jurisdiction.

The case most helpful to the Bank's "arising in" argument is *In re Simmons,* 205 B.R.

834 (Bankr.W.D.Tex.1997), where a former Chapter 11 debtor filed an adversary complaint against his former attorneys alleging malpractice, violations of a Texas statute regulating deceptive trade practices, breach of fiduciary duty, and breach of contract. The bankruptcy judge denied the attorneys' motion to dismiss for lack of subject matter jurisdiction because he found that the legal malpractice claim, to the extent that it was based on advice provided by the attorneys in the bankruptcy case itself, came within the "arising in" jurisdictional grant. The opinion, in a thorough analysis of the four categories of bankruptcy subject matter jurisdiction conferred on a district court by Section 1334, concluded that:

(1) All of Section 1334(b) (providing for three categories of jurisdiction) should be broadly interpreted to include all possible grants of jurisdiction;

(2) A broad reading of Section 1334(b) suggested that the three categories were intended to address separate, although perhaps overlapping, jurisdictional issues and every word in the statute should be given effect;

(3) Matters falling within "arising in" jurisdiction "must at the very least be of a sort that could not have occurred but for the bankruptcy." 205 B.R. at 840; and

(4) The Fifth Circuit opinion in *Wood*, *supra*, did not decide as a matter of law that "related to" jurisdiction encompassed the other two jurisdictional categories set forth in Section 1334(b).

The Carr, Korein firm dismisses the cases relied upon by the Bank as not involving a third-party complaint. It is true that *Billing*, *Diversified*, and *Simmons* all involve actions by the trustee or debtors. That is, however, not a complete answer to, nor does it justify dismissal of; the effect of the holdings in these three cases. First, nothing contained in the analysis in these three cases or in the specific language of Section 1334(b) indicates that "arising in" jurisdiction is not as available to third-parties as it was held to be available to the trustee and the debtors. Second, the claim of the Bank, one of several parties named as defendants in the adversary proceeding by the trustee, for the most part arises out of the bankruptcy case itself, because "but for the bankruptcy case," most of the claim would not have arisen. An analysis of the third-party complaint shows this quite clearly.

The third-party complaint of the Bank alleges several causes of action. (Pl.212, pp. 39–45). As alleged in the third-party complaint, once McMeekin Conn was charged with malpractice and the Bank was charged with the breach of a fiduciary duty by an attorney for the debtors, the Bank decided to employ counsel other than the Conn law firm. Upon the recommendation of the Conn law firm, the Bank hired the Carr, Korein firm. All of the alleged causes of action against the Carr, Korein firm arise out of the claimed dual representation of the debtors and the Bank by McMeekin Conn (and his law firm which is the "Conn law firm"). Count one alleges legal malpractice by the Carr, Korein firm because it represented both the Bank and the Conn law firm, gave incompetent legal advice to the Bank, and knowingly filed an inaccurate proof of claim in the main case on behalf of the Bank.

The crux of the suit by the trustee against the Bank and the other defendants in this adversary proceeding arose out of the acts of the Bank and the Conn law firm in connection with the sale of Murphy's business in Illinois. Many of the causes of action alleged in the third-party complaint of the Bank, e.g., failure to file a correct proof of claim, giving bad advice as to the stay and a bankruptcy turnover petition, arose in the main case and the balance arose out of the cause of action asserted by the trustee in the adversary proceeding. Thus, this court concludes that the causes of action alleged in the third-party complaint of the Bank against the Carr, Korein firm fall within the "arising in" subject matter jurisdiction of the court.