# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 11-6028

_____

In re:  Dale F. Schmidt;            *
   Terri E. Schmidt               *
                                   *
   Debtors                        *
                                   *
Dale F. Schmidt;                    *   Appeal from the United States
Schmidt Electric Service, Inc.      *   Bankruptcy Court for the
                                   *   District of Minnesota
   Plaintiffs - Appellees         *
                                   *
       v.                     *
                                   *
Klein Bank                          *
                                   *
   Defendant - Appellant          *

_____

No. 11-6029

_____

In re Douglas W. Schmidt;           *
   Kelly A. Schmidt               *
                                   *
   Debtors                        *
                                   *
Douglas W. Schmidt;                 *   Appeal from the United States
Schmidt Development Corporation;    *   Bankruptcy Court for the
Schmidt Builders of Buffalo, Inc.;  *   District of Minnesota
Schmidt Land Co.;                   *
David L. Schmidt;                   *
F.H. Schmidt, Inc.;                 *
                                   *
   Plaintiffs- Appellees          *

v.                        *
                          *
                          *
Klein Bank                *
                          *
Defendant - Appellant     *

_____

No. 11-6030

_____

In re:  David L. Schmidt;          *
    Dawn M. Schmidt                *
                                   *
    Debtors                        *
                                   *
F.H. Schmidt, Inc., David L. Schmidt,   *   Appeal from the United States
Douglas W. Schmidt,                     *   Bankruptcy Court for the
Schmidt Land Co.,                       *   District of Minnesota
Schmidt Builders of Buffalo, Inc., and  *
Schmidt Development Corporation         *
                                        *
    Plaintiffs - Appellees              *
                                        *
            v.                          *
                                        *
KleinBank                               *
                                        *
    Defendant - Appellant               *

_____

Submitted:  July 15, 2011
Filed: August 3, 2011

_____

Before FEDERMAN, VENTERS and SALADINO, Bankruptcy Judges

FEDERMAN, Bankruptcy Judge

2

Klein Bank appeals from the Orders of the Bankruptcy Court denying its motions to remand its replevin actions which had been removed from the state court to the bankruptcy court. In denying the motions, the Bankruptcy Court concluded that the replevin actions are core proceedings. While this appeal was pending, the United States Supreme Court clarified that core proceedings are limited to those "arising under or arising in" a bankruptcy case.[1] Based on that, we now conclude that the matters involved in the replevin actions were not core proceedings. Accordingly, we reverse and remand to the Bankruptcy Court for further findings on the question of whether the Court is required to abstain under 28 U.S.C. § 1334(c)(2).

## FACTUAL BACKGROUND

In February 2011, Klein Bank filed two lawsuits against David Schmidt, Douglas Schmidt, and Dale Schmidt, and several of their companies in the District Court of Wright County, Minnesota (the "Replevin Actions"). More specifically, in the first lawsuit, Klein Bank filed a Complaint against F.H. Schmidt, Inc., Schmidt Land Co., Schmidt Builders of Buffalo, Inc., Schmidt Development Corporation, David Schmidt, and Douglas Schmidt (the "F.H. Schmidt Replevin Action"), asserting claims for breach of promissory note, breach of personal guaranties, breach of security agreement, and replevin. Douglas and David Schmidt are shareholders of F.H. Schmidt and personally guaranteed F.H. Schmidt's loan to Klein Bank. Douglas and David Schmidt are Debtors in these bankruptcy cases.

Klein Bank filed a separate Complaint against Schmidt Electric Service, Inc. and Dale Schmidt (the "Schmidt Electric Replevin Action"), also asserting claims for breach of contract, breach of personal guaranty, breach of security agreement, and replevin. Dale Schmidt is the sole shareholder of Schmidt Electric and personally

---

[1] *Stern v. Marshall,* ___ U.S. ____, 131 S.Ct. 2594 (2011).

3

guaranteed Schmidt Electric's loan to Klein Bank. Dale Schmidt is also a Debtor in these cases.

On February 24, 2011, Klein Bank served and filed motions for replevin in both Replevin Actions, seeking to seize F.H. Schmidt's and Schmidt Electric's property which was collateral for the Bank's loans. The Wright County District Court set hearings on both Replevin Actions for March 10, 2011.

Meanwhile, on February 28, 2011, Douglas Schmidt, David Schmidt, and Dale Schmidt, along with their respective spouses, all filed voluntary Chapter 11 petitions in the United States Bankruptcy Court for the District of Minnesota. Neither F.H. Schmidt, Schmidt Electric, nor any of the other corporate defendants in the Replevin Actions has filed for bankruptcy relief.

On March 9, 2011, the day before the scheduled hearings in the Replevin Actions, Douglas Schmidt, David Schmidt, and F.H. Schmidt, Inc. filed Notices of Removal to United States Bankruptcy Court pursuant to 28 U.S.C. § 1452 in the F.H.Schmidt Replevin Action. As no such Notice of Removal was filed in the Schmidt Electric Replevin Action prior to the March 10 hearing, the Wright County District Court granted the motion for replevin in the Schmidt Electric Replevin Action that same day, March 10. Subsequently, on March 14, 2011, Dale Schmidt filed a Notice of Removal in the Schmidt Electric Replevin Action.

The Notices of Removal asserted that (1) the respective Debtors have a legal interest in the property being replevined and, therefore, these are core proceedings which cannot be resolved without affecting the Debtors' bankruptcy estates; (2) the Replevin Actions are related to the Debtors' respective bankruptcy cases and, therefore, it would be more efficient and expeditious to have them heard in bankruptcy court; and (3) the United States District Court for the District of Minnesota has original jurisdiction under 28 U.S.C. § 1334.

4

On April 6, 2011, Klein Bank filed motions to remand both of the Replevin Actions to the Wright County District Court. Klein Bank asserted that remand was appropriate because (1) the Replevin Actions were not core proceedings under 28 U.S.C. § 157; (2) even if "related to" the bankruptcy cases, the Replevin Actions could not have been commenced in the bankruptcy court absent jurisdiction under 28 U.S.C. § 1334(b); (3) the interests of justice favored discretionary abstention under 28 U.S.C. § 1334(c)(1); and (4) equity supported discretionary remand under 28 U.S.C. § 1452(b). The Debtors objected to remand.

Following a hearing held on April 20, 2011, the Bankruptcy Court denied the Bank's motions for remand. In sum, the Bankruptcy Court determined that the Replevin Actions are core proceedings and, therefore, mandatory abstention under § 1334(c)(2) did not apply. The Court also declined to abstain under § 1334(c)(1)'s discretionary abstention provision, and denied the requests to remand based on equitable grounds under 28 U.S.C. § 1452(b). Klein Bank appeals.

## STANDARD OF REVIEW

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. §§ 158(a)(1) and 158(c)(1), which vest the Bankruptcy Appellate Panel with jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy courts. Although decisions to, or not to, abstain or remand are not subject to review "by appeal or otherwise" by "the court of appeals" or by "the Supreme Court of the United States" appellate review by this Court is permitted pursuant to 28 U.S.C. §§ 1334(d) and 1452(b).[2]

---

[2] *Cargill, Inc. v. Man Fin., Inc. (In re Refco, Inc.)*, 354 B.R. 515, 518 (B.A.P. 8th Cir. 2006).

Because the outcome of this appeal turns on whether the Court was required to abstain under 28 U.S.C. § 1334(c)(2), our review is *de novo*.[3]

## DISCUSSION

With certain exceptions not relevant here, 28 U.S.C. § 1452 permits a party to remove any claim or cause of action in a civil action to the district court if the district court has jurisdiction of such claim or cause of action under 28 U.S.C. § 1334.[4]

Section 1334(a) gives the federal district courts "original and exclusive jurisdiction over cases under title 11"[5] – in other words, bankruptcy cases themselves. Section 1334(b) gives federal courts *non*-exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."[6] Such civil proceedings are divided into two categories: core proceedings and non-core, related proceedings.[7] Core proceedings are those cases arising under title 11, or arising in a case under title 11.[8] Core proceedings include, but are not limited to, sixteen examples of types of matters listed in 28 U.S.C. § 157(b)(2). Non-core, related-to proceedings are those which "could conceivably have [an] effect on the

---

[3] *In re DeLorean Motor Co.*, 155 B.R. 521, 524 (B.A.P. 8th Cir. 1993) (holding that, because the issue of mandatory abstention turns upon jurisdiction questions and the construction of pertinent statutes, it is a question of law subject to *de novo* review).

[4] 28 U.S.C. § 1452(a).

[5] 28 U.S.C. § 1334(a).

[6] 28 U.S.C. § 1334(b).

[7] *In re Farmland Indus., Inc.*, 567 F.3d 1010, 1017 (8th Cir. 2009).

[8] *Id. See also Stern v. Marshall*, ___ U.S. ____, 131 S.Ct. 2594, 2604 (2011).

estate being administered in bankruptcy."[9] District courts may refer bankruptcy cases to bankruptcy courts pursuant to 28 U.S.C. § 157(a).

28 U.S.C. § 1334 contains two provisions regarding abstention. Section 1334(c)(2), referred to as the "mandatory abstention" provision, provides, in relevant part:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.[10]

In other words, a federal court is required to abstain from an action if (1) a party to the proceeding files a timely motion to abstain; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is a related (non-core) proceeding; (4) absent § 1334(b), the cause of action could not have been commenced in a federal court; and (5) the proceeding is commenced and can be timely adjudicated in a state forum.[11]

Here, the Bankruptcy Court concluded that mandatory abstention did not apply because the Replevin Actions, even the parts seeking relief against the non-debtor corporations and the corporations' assets, are core to the Debtors' bankruptcy cases.

---

[9] *In re Farmland,* 567 F.3d at 1017 (citation omitted).

[10] 28 U.S.C. § 1334(c)(2).

[11] *See* 1 Alan N. Resnick and Henry J. Sommer, *Collier on Bankruptcy* ¶ 3.05[2] (16th ed.).

7

As stated above, core proceedings are those cases arising under title 11 or arising in a case under title 11.[12]

> The phrase "arising under" applies to proceedings that involve causes of action expressly created or determined by title 11, such as causes of action to recover fraudulent conveyances and preferential transfers, section 544 avoidance actions, dischargeability proceedings, and similar rights that would not exist had there been no bankruptcy. The phrase "arising in" generally refers to matters that, although not expressly created by title 11, would have no existence but for the fact that a bankruptcy case was filed.[13]

In other words:

> Core proceedings under 28 U.S.C. § 157 are those which arise only in bankruptcy or involve a right created by federal bankruptcy law. Non-core, related proceedings are those which do not invoke a substantive right created by federal bankruptcy law and could exist outside of a bankruptcy, although they may be related [to] the bankruptcy.[14]

As Klein Bank asserts, the Replevin Actions do not "arise under" Title 11 because they do not involve causes of action expressly created or determined by the Bankruptcy Code, nor do they involve a right created by federal bankruptcy law. In addition, they do not "arise in" the bankruptcy cases because they would, and indeed did, exist regardless of the bankruptcy filing.

---

[12] *See In re Farmland,* 567 F.3d at 1717; 28 U.S.C. § 157(b)(1).

[13] *In re Williams*, 256 B.R. 885, 891 (B.A.P. 8th Cir. 2001). *See also In re Refco*, 354 B.R. at 521.

[14] *In re Refco*, 354 B.R. at 520-21 (citation omitted).

Nevertheless, the Bankruptcy Court determined that the Replevin Actions were core, concluding that they may fall within as many as three of the sixteen different types of core proceedings enumerated in 28 U.S.C. § 157(b)(2). Specifically, the Bankruptcy Court found that the Replevin Actions fell within § 157(b)(2)(A) (matters concerning the administration of the estate), § 157(b)(2)(B) (the allowance or disallowance of claims against the estate), and § 157(b)(2)(O) (other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship). In essence, the Bankruptcy Court concluded that, since the Debtors showed that they would not likely be successful in their reorganization efforts if Klein Bank replevined the assets of their non-debtor corporations, that litigation falls within those three examples in § 157(b)(2). Thus, the Court concluded, they are core, essentially regardless of whether they actually arose under or in the Debtors' bankruptcy cases.

However, in *Stern v. Marshall*, the United States Supreme Court rejected the notion that § 157 embodies a category of matters that are core, but do not arise under or arise in a bankruptcy case.[15] As the Court stated, "core proceedings are those that arise in a bankruptcy case or under title 11."[16] That is so regardless of whether the matter can be fitted into one of the enumerated examples in § 157(b)(2).

Since the Replevin Actions do not arise under or arise in the Debtors' bankruptcy cases, they are, simply, not core. And, while that conclusion seems relatively obvious as to the Bank's claims against the non-debtor corporations, it is also true as to the Bank's causes of action against the Debtors on their guaranties because those causes of action existed under state law, regardless of the bankruptcy filing. Certainly, if Klein Bank were to file proofs of claim in the Debtors' bankruptcy cases based on the guaranties, the resolution of those claims would be core, inasmuch

---

[15] ___ U.S. ____, 131 S.Ct. at 2605.

[16] *Id.*

9

as the allowance or disallowance of claims against a debtor's bankruptcy estate is a matter that arises under the Bankruptcy Code pursuant to 11 U.S.C. § 502.[17] However, while filing proofs of claim in the Debtors' bankruptcy cases makes the Bank's claims against the Debtors core, it does not make its claims against the non-debtor corporations core. In sum, absent extraordinary circumstances, if a principal wishes to use the Bankruptcy Code to protect the assets of its corporation, or wants a bankruptcy court to decide causes of action against the corporation, it needs to file a bankruptcy case on behalf of the corporation.

Having concluded that the Replevin Actions are not core, we turn to the other elements for mandatory abstention under § 1334(c)(2). Here, the Bankruptcy Court found that the proceedings had been commenced in the state court prior to the bankruptcy cases being filed, and that they were based on state law. Presumably, the Court also considered the filing of the motions to be timely because it went on to consider the merits of them.

However, most likely because the Court's conclusion on mandatory abstention rested primarily on the finding that the Replevin Actions are core, the Court did not make an express finding on the question of whether the claims could be timely adjudicated in state court.[18] Consequently, the matter must be remanded to the Bankruptcy Court for a finding on that question.[19]

---

[17] *See also* 28 U.S.C. § 157(b)(2)(B).

[18] On the one hand, the Court suggested that the cases probably could be timely adjudicated since Klein Bank had already obtained one replevin order, but then suggested that the focus should be on whether allowing the action to proceed in state court would have an unfavorable effect on the administration of the bankruptcy estate, citing *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764 (B.A.P. 10th Cir. 1997), and *In re United Container LLC*, 284 B.R. 162 (Bankr. S.D. Fla. 2002).

[19] Even if the Bankruptcy Court should determine that remand is not required or appropriate, under the Supreme Court's holding in *Stern v. Marshall* it

Finally, because we have concluded that mandatory abstention may apply, we need not discuss at this point whether the Court erred in denying Klein Bank's request for permissive abstention under § 1334(c)(1), or equitable remand under 28 U.S.C. § 1452(b).

## CONCLUSION

Because the Bankruptcy Court erred in finding that the Replevin Actions are core, particularly in light of *Stern v. Marshall*, we reverse. We remand for further findings on the question of whether the matter can be timely adjudicated in state court pursuant to 28 U.S.C. § 1334(c)(2). Accordingly, the Orders denying Klein Bank's Motions for Remand are REVERSED and REMANDED to the Bankruptcy Court for further findings in accordance with this opinion.

------

would appear that the Bankruptcy Court could not enter a final judgment on the state law issues in any event because the cases are not core proceedings.